MAY 23, 1804.

# Edmund Martin v. Daniel McKinney.

*Upon an appeal from a judgment of the County Court of Mason county.*

1. The proceedings of a county court depriving a party of his license to keep a ferry must show the existence of some of the grounds prescribed in the statute authorizing the revokal.

2. An act of the legislature authorizing a county court to deprive citizens of their rights and property in a summary way must be strictly pursued, and no presumption will be indulged to uphold the action of a court based on such an act.

The judgment of the county court does not state whether the discontinuance of the license granted to Martin for keeping a ferry over the Ohio river at Maysville, was for his neglecting to furnish the necessary *boats*, the number of hands to attend it required by the court, *within the time* prescribed by law, or that the same had been *wholly disused* and *unfrequented* for the space of *two years*, some one of which causes should appear upon the face of their proceedings. This being a law which authorizes the county court to interfere with and deprive citizens of their rights and property in a summary way, it should appear from the record of their proceedings that they acted within their power and authority, and therefore nothing ought to be presumed to support their proceedings. Nor can this case be assimilated to the proceedings of a court of unlimited jurisdiction, in correcting the acts of ministerial officers, who, in carrying judgments into execution, either willfully or negligently abuse the process of the court. In the latter case, every presumption is to be indulged in support of the unlimited jurisdiction, because it is derived from common law; in the former, no such presumption is permitted, because the authority is given by statute, which must be strictly and substantially pursued.

Therefore, it is considered by the court, that the judgment aforesaid be reversed, annulled, and set aside, and that the plaintiff recover of the defendant his costs by him about his suit in this behalf expended, which is ordered to be certified to the said court.