David Campbell, Special J.,
delivered the opinion of the Court.
On the 20th day of August, 1860, the defendant? James Breeden, was served with, a notice of a- motion for judgment against him and his sureties, as Constable, to be made by W. Gr. King, on the 27th day of August, 1860, before N. T. Allmon, a Justice of the Peace, for one hundred and fifty-three dollars and ninety cents, the amount collected by him on two executions, issued on the 16th day of May, 1860, by N. T. Allmon. On the day of trial, and before the motion was taken up for trial, the plaintiff was permitted, upon motion, to amend the notice, by the insertion of “two executions and date of issuance.”
Thereupon, the magistrate proceeded to try the case, and to give judgment against the said James Breeden, for the amount of the two executions, with twelve and one-half per. cent, damages thereon; from which judgment Breeden appealed to the Circuit Court of Stewart. In the Circuit Court, the plaintiff was, upon motion, made upon the 9nh day of November^ 1860, permitted to amend his notices, in the case *457 brought up to -that Court by appeal, so as to make the same “for an insufficient return.”
This motion to amend the notice, was resisted by the defendant, Breeden, but his objection was overruled, the motion sustained, and the notice amended accordingly. Thereupon, W. Gr. King moved for judgment against James Breeden and his sureties, for an insufficient return on the two executions, which motion was continued until the next term of the Court. On the same day, and “immediately after the plaintiff had moved the Court to amend his motion, and after the same had been allowed by the Court, and after the plaintiff had moved the Court for judgment against the defendants,” the latter moved the Court for leave to Breeden, to amend his returns on the executions, and, in support of this motion, presented the affidavit of Breeden. In this state of the proceedings, the whole matter was continued until the March Term of the Court, 1861.
On the 11th day of March, the defendants having moved, as stated in the record, to amend the return on the executions, in pursuance of the motion made at the former term, the Court sustained the motion, and permitted the returns to be amended, as prayed in the affidavit of Breeden, so presented in support of the motion, on the 9th of November, 1860.
The returns on the executions were as follows: “Come to hand when issued, and levied on one sorrel horse, and grey horse, and bay horse, and sorrel mare, and grey mule — levied on as the property of E. Cummings, at 4 o’clock, May 16th, 1860; and also, one large grey *458 mule, one black mule, levied on the 22d of May, 1860. Returned for order of sale. Mo sale effected, for want of time. June 16th, 1860.” The amended return thereon is in these words: “Levied on one sorrel horse, one grey horse, one bay horse, one sorrel mare, one grey mule — levied on as the property of B. Cummings, at 4 o’clock, 1860; also,, one large grey mule and one black mule — levied on on the 22d day of May, 1860. Returned for order of sale; and no sale having been effected, for the reason that the property above named was left in the possession of the defendant in the execution, by order of James M. Lewis, the plaintiff’s agent, and the said property was run off by the defendant in execution, before the plaintiff’s agent revoked his order to let the property remain in the possession of the defendant; and on this account, and for this reason, he fails to take said property in possession, and sell the same, according to law. June 16th, 1860.”
In the affidavit presented as the foundation for the amendment, the officer states: “He would have taken the same into his possession, and advertised and sold the same, as the law directs, but for the fact that he was instructed by the agent of the plaintiff, James W. Lewis, to let the property so levied on, remain in the possession of the defendant, who was a railroad contractor, and required the use of his horses, mules, etc., to carry on his work.” He further states: “This order, on the part of the agent, James M. Lewis, was not revoked until the property was run off.”
After the returns had been so amended, the Court, on the trial of the motion of the plaintiff for a judg *459 ment against Breeden and his securities for an insufficient return, decided that the amended returns were sufficient, and overruled the plaintiff’s motion for judgment against Breeden and his sureties, and gave judgment against the plaintiff; who appealed in error to this' Court.
The first question presented, is, as to the correctness of the action of the Court below, in allowing the amendment to he made in the officer’s returns on the executions.
The motion for leave to make these amendments, was made, as shown by the record, on the same day on which the plaintiff’s amendment of his notice was made, and immediately after his motion for am insufficient return was made, and before the Court had acted upon this latter motion. This Court has heretofore decided, and the rule must now he regarded as well settled, that an officer cannot he permitted to amend his return upon an execution or other process, after the bringing or institution of a suit against him for his default. It has also decided, that the service of a notice on him of an intended motion, is not the institution of a suit against him for a default, and that he may, after the service of such notice and before the motion is made, amend his return: Mullins vs. Johnson, 3 Hum., 396; Howard vs. Union Bank, 7 Hum., 26; Hill vs. Hinton, 2 Head, 124. The result of these decisions is, that the motion itself, and not the notice of it, is the commencement of the suit, and constitutes the Us pendens, depriving the officer of the right to amend his return: Broughton vs. Allen, Carter and others, 6 Hum., 76.
*460 The question is as to the application of the rules settled in these decisions, to the facts in the present case. The judgment of the Justice of the Peace, brought into the Circuit Court by appeal, was a judgment against Breeden, the officer, for money alleged to have been collected on two executions. But the motion made in the Circuit Court, after the amendment of the notice of the motion for judgment before the Justice, was a motion for judgment against him and his sureties, for an insufficient return on these same executions; and while this motion is pending, and before the Court has taken any action upon it, and of course before the same was entered upon the minutes of the Court, and, these minutes signed, the defendants move for leave to amend the returns on the executions, and produce, in support of this motion, the affidavit of the officer, showing the property levied upon was left in the possession of the execution debtor by direction of the plaintiff’s agent, and was run off by such debtor before the return of the execution, and before the revocation of the order to leave the same with him. The allowance of the right to amend the returns, under this state of facts, extends the rule upon this subject further than any reported decision of this Court has carried it. But if the principle of those decisions require it to be carried to such an extent as will embrace the present case, then it must be applied to the case, and the right to amend the returns, under the state of facts presented, be denied. That principle is, that the existence of the Us pendens, created by the motion, deprives the officer of the right *461 to amend his return. When, then, is this Us pendens to be regarded as complete ? The moment the motion is made in Court, and before any action whatever is taken by the Court upon it, beyond simply entertaining the motion, or when something is done by the Court with the motion, as its entry upon its minutes, or some other affirmative action of the Court had thereon? In other words, if a party appears, and moves the Court for judgment against an officer and his sureties, for an official delinquency, and immediately thereafter the officer appears, and moves to amend his return as to the matter of the alleged delinquency, does the first motion constitute the Us pendens which deprives the officer of the right to amend ? And does it do so in a case in which an amendment of notice of a motion, or of the motion itself, originally made before a magistrate, and brought into Court by appeal, is necessary, and is allowed in order to enable the party to make the motion against the officer and his sureties for the particular delinquencies for which a recovery is sought in Court? The Code, sec. dWT, prescribes, “that no civil suit, originally before a Justice of the Peace, ' and carried to a higher Court, shall be dismissed by such Court for any informality whatever, but shall be tried upon its merits, and the Court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action necessary to reach the merits, upon such terms as may be determined just and proper.” Under these provisions, the Circuit Court had not only the power, but it was its duty to permit the original motion, *462 brought into Court by the appeal, to be so amended as to make the suit one as well for the delinquency for which it was brought before the Jusice, as for all insufficient returns on the same executions. The original suit and the parties thereto were in Court; and the step taken, was a proceeding in the suit which the Court clearly had the power to allow.
The first motion made by the plaintiff, in Court, is stated to have been, a motion to amend the notice of the original motion; but, in an after part of the record, it is mentioned as a motion to amend the original motion. The latter thing is what was, in substance, done. When done, the amendment became a part of the original suit, which, thenceforward was a suit as well for judgment against the officer and his sureties, for his alleged delinquency in failing to pay over the money collected on the two executions, as for an insufficient return on each of those executions. As to the former, the Us pendens was complete on the day on which the motion before the Justice was made; and, as to the latter, at all events, as soon as the motion was made in Court, being only a competent step in the suit, of which the parties were bound to take notice, as they were of any other legal step therein, and probably from the time of the original motion, for all purposes, except for that of permitting the defendants to avail themselves of any good existing defense against the new cause of action introduced by the amendment, as the Statute of limitations: Nance vs. Thompson, 1 Sneed, 321; Crawford s. Cathwell and Neil, 2 Sneed, 492.
The Court went to the extreme, verge of the law, *463 when it held that an officer might, after notice was given to him of .an intended motion against him and his sureties, for an alleged delinquency, and before the motion was made in Court, be permitted to amend his return. There is no inclination to disturb that decision, but there is just as little to extend its principle beyond the class of cases to which that principle is strictly applicable. To hold that an officer might, after a motion had been made against him and his sureties, for a judgment for an alleged delinquency, be permitted to amend his return, when his motion for leave to do so, was made immediately after the motion against him, would be to extend the principle of that case to all other class of cases. It would introduce-all the mischief which the rule that the lis pendens shall be regarded as existing from the time of the motion was intended, and is so well calculated to prevent, and would, in the end, practically abrogate this salutary rule.
Allow the amendment to be made in the present case, upon the ground that the motion for leave to amend was made immediately after the .motion for judgment against the officer and his sureties, and in the next case, the motion will be shown to have been made within an hour after the other motion, and the Court will be urged to allow it, upon the ground that it was made soon enough thereafter to be regarded as being made immediately thereafter; and if that be allowed, then in the right case it will be proven that the motion to amend was made on the same day as the other motion, and the Court will be pressed to sustain the motion, upon the ground that the law recognizes no frac *464 tion of a day, and as both motions were made on the same day, they must he regarded as being made at the same moment of time. Finally, this wise rule will be wholly swept away, and delinquent officers, against whom motions were made, will be permitted so to amend their returns as to escape the consequences of their defaults, at any time before the motion is entered upon the records of the Court, and the minutes are signed. The safe course is, rigidly to adhere to the salutary rule that the lis pendens against the officer and the sureties is created by the motion, and must be regarded as complete, from the moment the motion is made.
This construction of the rule is the only one by which its object can be secured. In the present case, the motion to amend, was, as already shown, made after the amended motion for judgment against the officer and his sureties for an insufficient return, was made. That it was made immediately thereafter, is an immaterial circumstance. It is sufficient that it was made after-wards. The Us pendens existed, as to the matter of the insufficiency of the returns, at all events, from the moment the amended motion for judgment for such insufficiency was made; and its existence deprived the Court of the power to allow an amendment of the returns on the two executions.
The Court below took the opposite view of this question, sustained the motion of the defendants for leave to the officer to amend these returns upon the execution, permitted their amendment; and thereon, the returns, as amended, overruled the motion of the plain *465 tiff for a judgment against the defendants, and gave judgment against him. Its action and judgment were erroneous, and must be reversed; and judgment given Rere against Breeden and his sureties, for the amount of the two executions, and twelve and one-half per cent, as damages.