.McFarland, J.,
delivered the opinion of the Court..
*231 On the 24th of December, 1867, the original summons in this case issued against the defendant to answer Mary Flatley, widow, etc., for the use of herself and John Flatley and Edward T. Flatley, in an action to their damage, $25,000.
On the 1st day of February, 1868, upon motion, E. A. Flatley, as administrator of the estate of William Flatley, deceased, for the use of Mary Flatley, the widow and children of William Flatley, deceased, was made the party plaintiff, and a declaration was thereupon filed. The action, is brought under Section 2291 of the Code, charging the death of William Flatley to have occurred from injuries caused by the-wrongful acts of the defendant’s agents in running over him with a train of cars.
The defendant pleaded the general issue, but at a subsequent term obtained leave and filed a plea of the statute of limitations of one year, in which it is-averred that the cause of action occurred' more than one year before the amendment was asked for and obtained, making Edward Flatley as administrator of William Flatley, deceased, a party. A demurrer to-this plea was overruled, and issue taken thereon. Upon final trial the verdict and judgment was for the defendant, a new trial was refused, and appeal in error prosecuted. It appears that William Flatley was-killed on the night, of the 6th of September,. 1866;, that in October, 1866, administration upon his estate was granted to E. A. Flatley. As before stated, the suit was commenced by Mary Flatley on the 24th of December, 1867, more than a year after >the death of *232 William Flatley, but within one year from the first of January, 1867. The amendment changing the action from the name of Mary Flatley, plaintiff, to the name of E. A. Flatley, administrator, was made on the 1st of February, 1868, more than one year from the death of William Flatley, and more than one year from the appointment and qualification of E. A. Flatley as administrator, and more than one year from the 1st of January, 1867, the date when it is assumed the statute of limitations in such eases begins to run, under the schedule, to the Constitution of 1865.
The court below instructed the jury that the action must be brought within one year from the qualification of the administrator, excluding the time so elapsing between the qualification of the administrator and the 1st of January, 1867, and that the commencement of the action, as to the plaintiff, was the day the amendment was asked for and made making him a party, to-wit: 1st of February, 1868.
It is argued that this is error. ' It is not necessary to determine whether, in a case of this character, the cause of action shall be regarded as accruing at the date of the injuries received, or at the date of the death of the party, or, as the Circuit Judge held, at the date of the qualification of the administrator, or which of these periods shall be the time when the statute of limitations begins to run. For in this case it is •conceded that under the provisions of the Constitution of 1865, the statute did not begin to run until the 1st of January, 1867, although the cause of action occurred previous to that time.
*233 The question is, in deciding the question of the statute of limitations, What date shall be taken as the commencement of the action — the 24th of December, 1867, the day the original summons was issued in the name of Mary Flatley; or the 1st day of February, 1868, when, by the amendment, E. A. Flatley became the plaintiff in her stead?
We cannot see that there is any very strong reason why the law should permit the action to be prosecuted in the name of the personal representative rather than in the name of the widow or children for whose benefit the recovery is to be had. But with this we have nothing to do — we simply declare the law as we find it.
There is no common law principle recognizing the right of the widow or children to maintain an action for the loss they sustain by the death of the husband or father, occasioned by the acts of others. It is also a recognized common law principle that the right, of action for personal injuries dies with the plaintiff. This action, therefore, rests alone upon the authority of the statute, and cannot extend beyond its provisions.
The statue is, that “ The right of action which a person who dies from injuries received from another, etc., shall not abate or be extinguished by his death, but shall pass to his personal representative for the benefit of his widow and next of kin free from the claims of creditors.”
The next section in substance provides that in the event the personal representative decline to bring the *234 suit, the widow and children may use his name without his consent in bringing the suit. As we have said, we see no very good reason why the Legislature should authorize the widow and children to maintain the action in the name- of the representative for their own benefit, and not allow them to maintain the action in their own name; but the language used is free from ambiguity. The manner in which the action may be maintained' is expressly provided for; that is, the suit must be brought in the name of the personal representative, and not • otherwise, and we can not alter the plain and obvious meaning of the language used. It is a general principle that where a right is given by statute, and a remedy provided in-the same act, the right can be pursued in no other mode. Therefore it results that the action, as originally brought in the name of Mary Flatley, could not have been successfully maintained. It could not be maintained otherwise than in the name of the personal representative.
Previous to the enactment of our statutes upon the subject of amendment, embodied in the Code, the result of this mistake would have been to compel an abandonment of this action, and a resort to a new suit; but this is obviated by the provisions before referred to, which allow the name of a new plaintiff to be substituted. The defendant being in court for-particular. cause of action, it is not required that the expense and delay shall be incurred of new process, etc. The question is, Does this amendment relate back to the issuance of the original summons, *235 and place the new plaintiff, in all respects, upon the-same footing as if tbe summons had been originally issued in his name? For somé purposes, ho doubt,, the amendment does relate back to the issuance of the original summons but this doctrine of relation is a mere fiction of law, and should not be applied so as to effect the rights of other parties.
The case of Nance, Lessee, v. Thompson, 1 Sneed, 321, was an action of ejectment. The first declaration was upon the demise of Nance. Subsequently,, to avoid the champerty act, it became necessary to add additional counts on the demise of the heirs- and executors of James Jackson. It was held that in applying the statute of seven years, the issuance of the original summons was the beginning of' the action, and the filing of the additional counts did not alter this; that this was not beginning a new action. But it will be observed that this was not, as-is said by the court in the ease, introducing a new party or a new cause of action into the case in the sense of the rule which forbids such amendment. The action of ejectment was then brought in the name of a fictitious plaintiff, and different counts could be filed upon the demise of different parties, and the propriety of allowing the amendments was not questioned. And the court in that case was of opinion that the effect-of the amendment was the same, whether before or after the bar of the statute of limitations.
The case of Crofford v. Cothran & Neil, 2 Sneed, 492, was an action of assumpsit — changed by amendment to an action of debt. The statute of six years- *236 was pleaded. Taking the issuance of the summons as. the commencement of the. action, the suit was in time. But the six years elapsed before the amendment was made changing it to an action of debt. 'The court held that the action was barred — that in -regard to the statute of limitations the amendment did not relate to the commencement of the suit. The court said: “We are not to suppose that the Legislature, in providing a method whereby one party might be relieved, in some degree, from the consequence of his own ignorance or negligence, intended to deprive the other party of the benefit of any legal defense, the right to which had become perfect and absolute before the time of the application for such amendment. Possibly the section of the act under consideration intended nothing more than to save thé party from the expense and delay of a new suit. If this be so, it would seem, as a general rule, that the effect of the amendment ought to be limited to thé time when leave to make it was obtained, so far as the rights of the opposite party are involved.”
And again: “ It may be conceded that in general, rand for most purposes, the amendment in a case like the present Avill relate back to the day On which the original process was sued out; but this fiction' of relation cannot be allowed to obtain where it would work injustice to the adversary party by destroying or taking from him the benefit of an existing legal dé-fense to the action. In a cáse, therefore, where the time of the commencement of the action may become important in reference to the statute of limitations, 6r *237 other matter of defense, the effect of an amendment changing the form of the action must be restricted to the time when, from the record, it appears to have-been granted. From that time only in such case can the plaintiff be regarded as rectus in curia.’'’
To the same general effect .are other authorities. And as to the right which a defendant has to the-defense of the statute of limitations. See Girdner v. Stephens, 1 Heis., 280. This reasoning applies to the-question here. The change of parties is as important as the change of the form of action. Previpus-to the amendment on the 1st of February, 1868, no suit had been brought for this cause of action that could be maintained. The defense of the statute of limitations was complete. The court had the power to allow a new plaintiff to be substituted, rather than compel the plaintiff to resort to the expense and delay of another summons; but in doing this the fiction of relation back to the original summons should not be allowed to defeat the defense of the statute-of limitations, then perfect and compléte.
It is objected that the Judge presiding when leave was given to file the plea of the statute of limitations was incompetent, being a stockholder in the M., & C. E.E., and this plea should have been disregarded. "Without noticing other answers to this, it will be sufficient to say that at a subsequent term a judge, admitted to be competent, submitted the plea to the jury, and this we regard as equivalent to permitting the plea to be filed.
*238 The result we have thus reached is fatal to the plaintiff's case, and without deciding other questions made on the charge we affirm the judgment.