NICHOLSON, C. J.,
delivered the opinion of the court.
William Ford brought an action of trespass, in the Circuit Court of Greene county, against Absalom Stonecipher and his wife Lydia, and others, claiming *255 $10,000 as damages for taking and carrying away property, and other wrongs. Before any summons was served on Lydia Stonecipher, she died.
Michael C. Bright administered on her estate, and entered into an agreement with Ford to submit the cause to arbitration, and that the award be made the judgment of the court. The arbitrators awarded $750 against Bright as administrator of Lydia Stonecipher. Before the award was returned to court, Bright filed his bill to enjoin the arbitrators from returning the award, alleging that it was procured by the fraudulent conduct of Ford, and that he had entered into the agreement for arbitration under the mistaken belief that the summons had been served on his intestate and that he was a party to the suit by revivor. An injunction was granted, and bond executed by Bright. Ford answered, denying the alleged fraud in procuring the award, but neither admitting nor denying the alleged mistake as to complainant’s believing himself to have been made a party. The allegation of fraud was not sustained by proof, but the fact was that the summons had not been served on Lydia Stonecipher and that the suit had not been revived against Bright as her administrator.
The Chancellor dismissed the bill, dissolved the injunction, and gave judgment against Bright and his security on the injunction bond for the amount of the award. From this decree Bright has appealed.
It is fully shown by the evidence that at the time of Lydia Stonecipher’s death the summons had not been served on her, and that there had not been a *256 revivor of the suit against her administrator when the agreement to arbitrate was made. Upon looking to this agreement, we think it sufficiently appears that the administrator entered into it under the assumption that he was a party to the suit in his representative character. He thereby undertook to bind the estate of his intestate under a clear mistake, both as to the fact of his being a party and of the law as to his right to enter into such obligation on behalf of the estate of his intestate. It appears, also, by reference to the award, that the arbitrators acted under the same mistake, both as to the fact and law, and that they carried the mistake into their award by giving judgment against Bright as administrator of Lydia Slonecipher for $750.
It is well settled that a court of chancery has jurisdiction to set aside an award for mistake of fact and for mistake of law: Conger v. James, 2 Swan, 213; Nance v. Thompson, 1 Sneed, 321; State v. Ward & Briggs, (MS.) at Nashville.
We are therefore of opinion that the Chancellor erred in dismissing the bill. The decree is reversed and the injunction made perpetual, with costs.