Lea, Sp. L,
delivered the opinion of the court:
The facts of this case are as follows: On the 27th of LToveanber, 1873, the respondent, George T. Parker, was crossing, on horseback, the railroad belonging to complainants, at a point where the public road in Bradley county, Tennessee, crosses said railroad, and where, upon a small bridge built near complainant’s roadbed, his horse got one of his feet hung in a hole in the bridge, and commenced struggling to extricate himself, and finally jerked his foot •out, and in so doing, threw Parker. One.of his feet hung in the siirrup, and the horse ran some sixty yards, dragging and kicking the respondent, when the stirrup leather broke, .and he was released, and was badly hurt. On the 28th day of March, 1874, the said George T. Parker instituted his action of trespass on the case, against the railroad company, in the circuit court of .Bradley county, alleging, among .other things in his declaration, that the said railroad com *82 pany permitted, said bridge, where the accident occurred, to be and remain out of repair, by reason of tlieir gross negligence and carelessness, etc., and thus produced the injury to Parker, to which declaration a plea of not guilty was filed. At the January term, 1875, when the cause was regularly reached on the docket, it was proposed by the attorney of the railroad company that the case be referred to Isaac Low, sheriff of 'Bradley county, to try and determine the same, to which Parker assented, and thereupon an entry referring the case to said Low, who was to> try the same according to the law and evidence, and providing that this award should be made the judgment of the circuit court, which entry was entered upon the record of the circuit court. In pursuance of this entry of record, the said Isaac Low, as arbitrator, on the 22d day of January, 1875, proceeded to hear proof in the cause, and argument of counsel, and in a few days thereafter, reported his award in writing, to the office of the circuit court, to be the judgment of said circuit court, in which he awarded said George T. Parker the sum of $6,000, to be recovered of complainant, the East Tennessee, Virginia, and Georgia Railroad Company, and further awarding that George T. Parker pay the costs of the cause.
Before the award could be made the judgment of the. court, the complainants filed their injunction bill in the chancery court of Bradley county, enjoining the said circuit court and George T. Parker from having said award of Isaac Low made the judgment of the court, alleging that said award was not according to the law and evidence; that it was fraudulently and corruptly made; charging improper conduct on the part of the arbitrator; that the award is so excessive as to amount to a gross fraud, and is so shocking to the conscience as to raise the presumption of fraud, and that the award was contrary to the law and evidence; and asking that the award be set aside and a trial had in the *83 circuit court. Low, tlie arbitrator, was also made a party . defendant, and collusion was charged.
The defendants, after demurrer, which was overruled, answered the bill, denying all fraud and collusion, insisting that the award was reasonable and according to the law and evidence in the case. Proof was' taken, and upon a hearing, the complainant’s bill was dismissed, and it has appealed. The proof shows that the point where (the accident occurred is where the railroad crosses a public road, kept up by the co-unty of Bradley, by an overseer and hands assigned for that purpose, and that the same was a public road before the railroad was built, and had been so used ever since. In the charter of this railroad is this clause: “Be it enacted, that whenever it shall become necessary in the construction of said road, to cross or intersect any public road now or hereafter established by law, it shall be the duty of said company so to construct said [its] road as not to impede the passage or transportation of persons or property along the same” [the public road].
The proof is that the railroad company built this bridge, and that it was then safe and no holes in it; that it afterward, by use, became unsafe. The question presented for cur determination is, whether the railroad company, having built the bridge, or in other words, having “so constructed their road as not to impede the passage or transportation of persons or property along the public road,” ■was it obligatory on the railroad to keep the same in repair, or was it the duty of the overseer and hands to keep the same in repair? We are of opinion that when the company so constructed their road as not to impede the transportation of persons or property over or along the public county road, it did all it was obliged to do', and its duties were at an end. It is not hound to keep watch upon it afterward. That part of the public road covered by the right of way of the railroad company, is as much under the care and keeping of the overseer and hands as any other *84 part of the road. They are, by law, compelled to work and keep in repair the whole of said road. The law does not require the railroad company to keep that part of the public road on their land in repair any more than it requires other land owners, over -which the public toad passes, to keep it in repair.
The railroad company not being' liable for the injury to the said Parker, has this court the right to set aside said award? The award has been made according to the law and the evidence. It is evident that the arbitrator made his award under a mistaken idea of law— in fact, in direct conflict with the law. Whenever arbitrators intend to decide according to law, and it appears from the face of the award that they were mistaken as to the law, this is a sufficient reason for setting aside the avyard. [Nance v. Thompson], 1 Sneed, 321; Watson on Arbitration, 281; Morse on Awards, 539.
The injunction prayed for will be made perpetual.
Respondent Parker will pay the costs of this court and the court below.