THOMAS R. BURGIE *v.* SMITH PARKS *et al.*

PLEADINGS AND PRACTICE. *Statute of limitations. Executors.* In an action upon a covenant of warranty of title to land against two executors of the will of the covenanter, one of whom was made a party and served with process within two years of the eviction, and the other was not made a party until after the lapse of that period of time, the plea of the statute of limitations of two years is not a good defense to either; nor, *a fortiori*, to the personal representative of another covenanter properly sued with them, and served with process within the two years after eviction.

### FROM DYER.

Appeal in error from the Circuit Court of Dyer county. H. L. W. TURNEY, Spl. J.

LATTA & RICHARDSON for Burgie.

M. M. NEIL and SPL. HILL for Parks.

COOPER, J., delivered the opinion of the court.

Action for the breach of a covenant of warranty of title to land, brought by Burgie against the personal representatives of the covenantors. The verdict and judgment were in favor of the plaintiff for the damages claimed, but the pleas of fully administered were found in favor of the defendants. Both parties appealed in error.

The covenantors, on whose covenant the suit was brought, were Samuel Williams and M. R. Hill. The first died testate, and, before November, 1867,

Smith Parks and B. M. Taylor were appointed by the county court of Gibson county executors of his will, and qualified as such. M. R. Hill died intestate, and on the first Monday of November, 1867, the same county court appointed Spl. Hill administrator of his estate, and he qualified as such. This suit was commenced September 15, 1874, in the circuit court of Dyer county, against Smith Parks, executor of Samuel Williams, and Spl. Hill, admintrator of M. R. Hill, by an original summons issued to Dyer county and a counterpart summons to Gibson county. On September 25, 1874, the original summons was executed on Parks, and on the same day the service of the counterpart writ was acknowledged by Spl. Hill. Each of these defendants, on September 8, 1877, filed a plea in abatement for the non-joinder of B. M. Taylor, the executor of Williams, as a co-defendant. The plaintiff demurred to these pleas. During the argument of the demurrer, at the January term, 1878, the court, upon the application of the plaintiff, permitted him to amend his action by making Taylor a defendant, and, upon the amendment being made, sustained the demurrer. A counterpart summons was then issued to Gibson county on January 19, and executed on Taylor April 20, 1878.

Each of the defendants then filed pleas in bar separately, the defenses relied on being covenants performed and the statute of limitations of two years and six months. On these pleas issues were joined. After the jury were sworn to try the cause, the bill

of exceptions says that the court, over the objection of the plaintiff, permitted Parks and Taylor to file pleas of fully administered, and required plaintiff to take issue on them. Hill's plea of *plene adminis- travit* seems to have been filed at the same time, but the bill of exceptions contains nothing in relation to it.

No errors have been assigned by the plaintiff in his appeal.

The defendants concede that the court had power, under our liberal statutes of jeofails, to allow the plaintiff to amend his writ and declaration by making B. M. Taylor, as executor, a party defendant, and that their pleas in abatement were thereby rendered of no avail: Code, secs. 2798, 2869. Their contention is that although the statute of limitations of two years in favor of the personal representatives of decedents had not barred the plaintiff's action when the original writ was issued in September, 1874, yet the bar had attached when the amendment was allowed and made in January, 1878, making B. M. Taylor a co-defendant. His honor, the trial judge, thought otherwise, and refused so to charge the jury. On the contrary, he charged that the statute of limitations ceased to run in favor of all the defendants when the original and first counterpart summons were issued. Error is assigned on this ruling.

So far as the defendant Hill is concerned, there seems to be no reason to doubt the correctness of the charge. The suit was commenced as to him by the issuance of the original and counterpart summons

Burgie v. Sparks.

on the same day, he having only acknowledged service of the latter. The court acquired jurisdiction by the execution of the original writ on Parks and the second counterpart on Taylor, and the fact that one or both of these parties might successfully defend the suit by a plea in bar of the statute of limitations, would be no protection to Hill, the suit having been commenced as to him in time, the cause of action being joint and several, and the statute allowing the verdict and judgment to be good as to one although erroneous and void as to another: Code, sec. 2972 *et seq.; Cox* v. *Crumley,* 5 Lea, 529, 534.

As to the defendant Parks, it seems equally clear, even if the bar of the statute was held to protect Taylor, that the verdict and judgment, upon common law principles, were also valid. If there are several executors, they may plead different pleas. If their pleas go to the merits touching the testator's liability, the plea most to the testator's advantage shall be received: *Chaffe* v. *Kelland,* 1 Rolle Abr., 929; *Elwell* v. *Quash,* 1 Stra., 20; *Lyon* v. *Allison,* 1 Watts, 172. If the pleas simply go to the liability of the executors, as where one pleads a good plea and the other a bad one, or where one pleads *plene administravit,* which is found in his favor, and the other does not, judgment may go in favor of one and against the other: *Baldwin* v. *Church,* cited, 1 Stra., 20; *App* v. *Dreisbach,* 2 Rawle, 287; *Geddis* v. *Irvine,* 5 Penn. St., 308; 3 Williams on Ex., 1942, (6 Am. Ed.). And the rule is general, if one of two persons jointly bound be sued, the omission

must be taken advantage of by plea in abatement, otherwise the judgment will be good: *Coffee* v. *Eastland*, Cooke, 159; *Mayfield* v. *Stephenson*, 6 Baxt., 397. And by statute in this State a suit may be prosecuted against one executor before a justice of the peace, where the other executors have moved from the county or State, and in any court against the executors who remain in the State, where the other executors have removed from the State: Code, sec. 2791 *et seq.* It is further provided that "The same proceedings may be taken in judgments rendered in such separate suits, to subject the defendants for waste of assets, or to subject real estate descended to heirs, as when all the executors or administrators are sued": Code, sec. 2794. And this must be the rule, independent of statute, in all cases in which a plaintiff is permitted to recover judgment against one or more of several executors.

But we think the charge of the trial judge upon the statute of limitations was correct under the circumstances of this case. Whether an amendment will relate back to the commencement of the suit, or operates only from its date, must depend upon whether it merely cures a defect in the original proceedings, or is in substance the commencement of a new litigation. In the latter event, this court has repeatedly held that the statute of limitations continues to run until the amendment is made. It was so held under the old regime, where the form of action was changed: *Crofford* v. *Cothran*, 2 Sneed, 492 ; and, under the new regime, where there is a

Burgie v. Sparks.

change of the ground of action: *Trousdale* v. *Thomas*, 3 Lea, 715; *Allen* v. *Link*, 5 Lea, 454; so, when a party has introduced a new cause of action: *Miller* v. *Taylor*, 6 Heis., 465; or when a party plaintiff is changed from an individual to a personal representative: *Flatley* v. *M. & C. R. Co.*, 9 Heis., 230; *Hagerty* v. *Hughes*, 4 Baxt., 222. It is otherwise where the cause of action remains the same. Thus, in ejectment, an additional count in the same title although under a new demise, will relate back to the commencement of the action to avoid the bar of the statute of limitations: *Nance* v. *Thompson*, 1 Sneed, 321; *Augusta Manufacturing Company* v. *Vertrees*, 4 Lea, 75. *Aliter*, if the new count be upon a different title: *Corder* v. *Dolin*, 4 Baxt., 238. In the case before us, the original cause of action was the breach of a covenant of warranty of title by Samuel Williams and M. R. Hill, and the parties to the action were the personal representatives of the covenanters. The amendment neither changed the cause of action nor the character of the parties. It only added a co-executor of one of the covenanters, whose presence was necessary more for the sake of conformity than for utility. For, the executor first made a party could undoubtedly have made any defense which his co-executor could have made on the merits. The pleas in abatement were not filed until September, 1877, and the amendment was made at the January term, 1878. And it is difficult to see how the estate represented by the two executors can be protected by a plea of the statute of limitations.

in which it is impossible for one of them to join successfully. We think the statute cannot operate in favor of either.

The defendants make some other points which may be briefly noticed. It is said that there is no proof of the payment by plaintiff to Williams and Hill of the purchase money of the land, the title to which was warranted, except the testimony of the plaintiff himself, which was excluded. But the bill of exceptions states that after reading the deed of Williams and Hill to him, "the plaintiff then proved that the purchase money notes were paid shortly after they matured." This was done before the plaintiff's deposition was offered in evidence. And in the absence of direct proof, the recital of the consideration in the plaintiff's deed made in 1855, the subsequent lapse of time, and the proof of the defendant Parks that he had examined the papers of the testator without finding the notes, were sufficient to sustain the verdict in this regard. The record of the Supreme court was evidence of its rendition, and the facts adjudged as between the parties litigant. The appeal, it is true, was only by one defendant to the suit, and not by the present plaintiff. But the court treats the appeal as having brought up the entire record, and affirmed the chancellor's decree generally, which constitutes a part of the record, and shows that the land was recovered from the plaintiff by the opposing litigants. But the objections of the defendants in this regard, and in other matters, are of no avail in view of the issues made by the pleadings.

In an action for breach of covenant, both by the old forms and in the very nature of the action, there is no general issue. The defendant must plead every matter of defense, and the evidence must correspond with the plea: *Jones* v. *Johnson,* 10 Hum., 184. The only pleas to the merits in this case were that the covenantors did not covenant as alleged, and covenants performed. All the allegations of the declaration not denied by these pleas must be taken as true: Code, sec. 2910. No objection was taken to the amount of the verdict below, and upon calculation it is found to be correct to a cent.

Judgment affirmed.

TURNEY, J., delivered the following dissenting opinion :

On the 15th of September, 1874, the plaintiff had issued to the sheriff of Dyer county a writ to summon Smith Parks, executor of Samuel Williams, and Spl. Hill, administrator of M. R. Hill, to appear at the October term of the circuit court to answer, etc.

The writ was endorsed " Executed as to Smith Parks on the 25th of September, 1874. Spl. Hill is not to be found in my county."

A counterpart writ was issued to Gibson county for Hill, and endorsed as follows: " Service of this counterpart summons acknowledged as if served by the sheriff of Gibson county, and to have the same effect, and only the same effect, as if executed by the sheriff of Gibson county on me, but no further, and no rights waived. Spl. Hill."

On the 3d of January, 1876, an original declaration was filed, alleging that Samuel Williams and M. R. Hill had sold to plaintiff. a tract of land, with covenants, etc., averring breaches, and that Parks is executor of the will of Williams, and Spl. Hill, administrator of the estate of M. R. Hill.

To that declaration Parks pleaded in abatement that he was not the sole executor of Williams' will, but that B. M. Taylor was joint executor with him.

Hill pleaded in abatement that Parks was not the sole executor of Williams' will, but · is joint executor with Taylor, etc., that he cannot be sued with Parks alone,· that the court has no jurisdiction of him, etc.

The pleas were filed September 8, 1877. Both pleas were demurred to, the assignment of cause being that they " set forth no reason why the said suit should abate, nor why defendant Hill should not be jointly sued with Parks."

On the 12th of January, 1878, while the pleas were being heard on demurrer, the plaintiff moved for and obtained leave to amend his writ by making B. M. Taylor a defendant, and to issue counterpart writ to Gibson county for him. Thereupon the demurrers were allowed.

Several questions are made in argument, but in the view I take of the case, it is only necessary to notice those raised by the pleas in abatement.

The effect of the holding of the circuit judge is, that the amendment allowed in 1879 related back to the original summons of September, 1874, and made Taylor a party as of that date.

Both the executors of Williams were citizens of Tennessee. Their administration was an entirety and could only be conducted by them jointly, especially in matters touching a pecuniary liability of their testator. It required both in their representative capacity to occupy the position their testator had occupied in relation to contracts and business transactions. The law recognizes the right of testators to have the united judgments of several to care for the interests of the estate he may leave at his death. So long, therefore, as two or more executors remain citizens of the State, and suit is brought to charge the estate, all must be sued.

By ch. 38, sec. 1, of an act passed in 1826, carried to Code, sec. 2791, it is provided "where one of several executors removes out of the State actions may be prosecuted and judgments rendered against such as remain in the same manner as if all were sued."

This statute clearly indicates that, anterior to its passage no suit could be prosecuted or judgment obtained against one of several executors or administrators, and that in all cases and under all circumstances all must be jointly sued.

Such was the opinion of this court at that time. The question came before the court in 1833, in the case of *Bledsoe, ex'r,* v. *Huddleston,* 5 Yer., 295. Gore and Bledsoe were the acting executors of Harris. Gore left on a trading excursion to New Orleans. During his absence Huddleston sued out a writ against his co-executor, Bledsoe, who pleaded the facts in abatement. The plea was demurred to.

Catron, C. J., delivering the opinion of this court, says: "Gore, the co-executor, was absent for some six or eight weeks to New Orleans. During his absence Bledsoe was sued alone as executor of Harris and recovered against. The acts of 1826, ch. 38, and of 1827, ch. 84, provide in case one of the executors has removed (as in cases of attachment) the one within the jurisdiction may be sued. Removal does not mean temporary absence on a journey, but change of residence. Gore had not changed his residence, and the process of the law could have reached him." The judgment was reversed.

So in this case, Taylor had not removed, nor was he temporarily absent. He was still a resident of the county in which the will of Williams was proven and in which he qualified and was acting as executor. If the statute is of any force, and actions may not be prosecuted and judgments shall not be rendered against one of several executors or administrators, it follows as a natural consequence that a suit in form against one of several in his representative capacity is no suit against the estate. To hold otherwise is to repeal the statute.

The legislative declaration that in defined and specified cases one of several representatives may be sued alone, is a declaration that it shall be done in none other. Can it be said that a suit is pending in a case in which the statute provides that no action shall be prosecuted nor judgment rendered? Can a party be said to be in court under proceedings which are not only not authorized but are forbidden in law?

For the sake of convenience and to save expense and delay, amendments may be made in some cases. Then the general rule is that the institution of suit dates from the amendment.

*Flatly* v. *M. & C. R. R.*, 9 Heis., 230, was brought by Mary Flatly, the widow, for the use of herself and children, to receive damages for the killing of her husband. The statute provides that the suit shall be in the name of the personal representative and for the benefit of the widow and next of kin. If the representative refuse to sue, the widow, etc., may use his name. The suit was commenced within the bar of the statute. About six weeks after the suit was commenced, and after the twelve months had expired, the style of suit was changed from Mary Flatly, widow, etc., to E. A. Flatly, administrator, etc. The defendant pleaded the statute of limitations of one year. The circuit judge charged the jury that the commencement of the action as to the plaintiff was the day the amendment was asked for and made, making him a party. This was affirmed by this court, Judge McFarland saying: "We cannot see that there is any very strong reason why the law should permit the action to be prosecuted in the name of the personal representative rather than in the name of the widow and children for whose benefit the recovery is to be had. But with this we have nothing to do. We simply declare the law as we find it."

Now, if Mary Flatly and her children, the *real and only parties in interest,* were not in court by

virtue of their original summons, but only came in upon the amendment making a *disinterested third person* a party to sue for their benefit, for stronger reasons the amendment, which introduces into the suit a necessary and indispensable defendant, a party in real interest, is the beginning of the suit.

It is said in Flatley's case, " Previous to the enactment of our statutes upon the subject of amendment embodied in the Code, the result of this mistake would have been to compel the abandonment of this action and a resort to a new suit; but this is obviated by the provisions before referred to, which allow the name of a new plaintiff to be substituted. The defendant being in court for particular cause of action, it is not required that the expense and delay shall be incurred of new process, etc. The question is, does this amendment relate back to the issuance of the original summons, and place the new plaintiff in all respects upon the same footing as if the summons had been originally issued in his name? For some purposes, no doubt, the amendment does relate back to the issuance of the original summons ; but this doctrine of relation is a mere fiction of law, and should not be applied so as to affect the rights of other parties."

Now, if an amendment which simply changes the style of a case from Mary Flatly to E. A. Flatly, administrator, for the benefit of Mary Flatly, is the beginning of the action, by what process of reasoning can we decide that an amendment bringing before the court a necessary party defendant, without whom no

Burgie *v.* Sparks.

action could be prosecuted or judgment rendered, is such an amendment as relates back to the original summons, and is stripped of the principle that "the doctrine of relation is a mere fiction of law, and should not be applied so as to affect the rights of other parties"?

If the rule applied in the Flatly case, and which is fortified by many adjudications, is correct, it is, beyond all doubt, a settlement of the question here.

If the case was not in court as to the estate of Williams, by service of process on Parks, it was not, of course, as to Hill, a citizen of another county, who was served with a counterpart summons.

If there had been no amendment the proceeding would certainly have abated. The amendment was, in contemplation of law, the commencement of the suit.

The authority of elementary or standard writers, or the holding of other courts to a different rule, cannot weaken the force of our statutes and their construction by our courts.