IRON & COAL CO. *v.* BROYLES.

. (*Knoxville.* November 15, 1895.)

1. LIMITATIONS, STATUTE OF. *New suit that saves bar.*

Where an ejectment suit, commenced in 1873 before seven years' adverse possession had run, was disposed of by nonsuit in 1888, and within one year thereafter a new suit was instituted for the same lands, the plaintiff's rights are saved from the bar of the statute of limitations under § 3449 (M. & V.) Code, although adverse possession had continued for more than seven years prior to the institution of the last suit. (*Post, pp. 613, 614.*)

Code construed: § 3449 (M. & V.); § 2755 (T. & S.).

2. SAME. *Runs until amendment is made that introduces new cause of action.*

The doctrine of relation, with reference to the limitation of actions, is never applicable to an amendment which introduces a new cause of action. (*Post, p. 615.*)

Cases cited and approved: Burgie *v.* Sparks, 11 Lea, 88; State *v.* Keller, 11 Lea, 402; Railroad *v.* Foster, 10 Lea, 351; Allen *v.* Link, 5 Lea, 454; Trousdale *v.* Thomas, 3 Lea, 720; Flatley *v.* Railroad, 9 Heis., 230; Miller *v.* Taylor, 6 Heis., 465; Crofford *v.* Cothran, 2 Sneed, 492; Nance v. Thompson, 1 Sneed, 321; Augusta Mfg. Co. *v.* Vertrees, 4 Lea, 75; Corder *v.* Dolin, 4 Bax., 241; Lenoir *v.* Mining Co., 88 Tenn., 168.

3. SAME. *Same. Example.*

Where an ejectment suit, brought in 1873 before the bar of the statute of limitations had attached was disposed of by nonsuit in 1888, and within one year thereafter a new suit was instituted for the same body of lands, but disclaiming as to certain smaller included tracts, and thereafter, when one year from the nonsuit had elapsed, and seven years' adverse possession of said smaller tracts had been completed, the plaintiff amended his declaration so as to sue for them also, the suit is barred as to these smaller tracts.

Code construed: § 3449 (M. & V.); § 2755 (T. & S.).

Iron & Coal Co. *v.* Broyles.

4. SAME. *Assurance of title.*

Descent cast is an assurance of title within the meaning of the Act of 1819, relating to the adverse possession of lands.

Code construed: §§ 3459, 3460 (M. & V.); §§ 2763, 2764 (T. & S.).

5. SAME. *Connecting possession.*

Possession of heir may be coupled with that of the ancestor holding under a paper title to make out seven years' adverse possession of land under the Act of 1819.

Code construed: §§ 3459, 3460 (M. & V.); §§ 2763, 2764 (T. & S.).

Cases cited and approved: Hubbard *v.* Wood, 1 Sneed, 280; Meriwether *v.* Vaulx, 5 Sneed, 310; King v. Rowan, 10 Heis., 675; Corder *v.* Dolin, 4 Bax., 240; Baker *v.* Hale, 6 Bax., 51; Marr *v.* Gilliam, 1 Cold., 504; Walker *v.* Phillips, 92 Tenn., 495; Thurston *v.* University, 4 Lea, 513; Nelson *v.* Trigg, 4 Lea, 706, Hanks *v.* Folsom, 11 Lea, 561; Sharp *v.* VanWinkle, 12 Lea, 19; Clark *v.* Chase, 5 Sneed, 636; Railroad *v.* Mabry, 85 Tenn., 47.

FROM CAMPBELL.

Appeal from Chancery Court of Campbell County. H. B. LINDSAY, Ch.

HENDERSON & JOUROLMON for Iron & Coal Co.

J. E. JOHNSON, for Broyles.

CALDWELL, J. This is an action of ejectment, commenced in the Chancery Court of Campbell County. On December 30, 1873, the East Tennessee Iron & Coal Company and William Morrow, claiming to be the owners in fee of a large body of land in Campbell County, granted to Thomas B.

Eastland, on entry No. 785 instituted a suit in the Circuit Court of that county to eject Felix Broyles from certain portions of that land. That suit remained in Court untried until February 21, 1888, when a nonsuit was taken. Thereafter, on August 30, 1888, the plaintiffs in that suit filed the bill in this case against the heirs of Felix Broyles, to recover from them the same, or a part of the same, lands sued for in the action at law.

The present action having been commenced within one year after that one was dismissed, and the merits not having been passed upon therein, the situation and rights of the parties with respect to the statute of limitation remain the same as they were in that suit, so far as the lands now involved are the same. To that extent the one suit is to be regarded as but a continuation of the other one. Code (M. & V.), § 3449.

In the bill in chancery, as originally filed, the complainants disclaimed title to two small tracts of land lying within the Eastland grant and covered by other grants, issued upon entries Nos. 675 and 800, both of which tracts complainants allege were excepted from the Eastland grant.

The defendants, answering the bill, averred ownership and possession of these two tracts and of two others, also within the boundaries of the Eastland grant. They claimed title to those four tracts as heirs of Felix Broyles, under grants issued upon entries Nos. 675 for 500 acres, No. 729 for 300

acres, No. 800 for 300 acres, and No. 1363 for 2,000 acres, the last embracing the greater part of the other three.

On May 7, 1889, the complainants amended their original bill by striking out of their disclaimer, made therein, the description of the tract covered by entry No. 800, and inserting in its place the description of the tract covered by entry No. 729, change being allowed upon the ground of clerical error on the part of the draughtsman of the original bill. The amendment introduced a new cause of action and brought into the litigation a tract of land (that covered by entry No. 800) not sued for, but expressly disclaimed in the original bill, consequently the amendment took effect from the time it was made only, and did not relate back to the date of the filing of the original bill. The doctrine of relation in pleading is never applicable to an amendment which introduces a new cause of action. *Burgie* v. *Sparks*, 11 Lea, 88; *State, for use, etc.*, v. *Keller*, *Ib.*, 402; *Railroad* v. *Foster*, 10 Lea, 351; *Allen* v. *Link*, 5 Lea, 454; *Trousdale* v. *Thomas*, 3 Lea, 720–21; *Flatley* v. *Railroad*, 9 Heis., 230; *Miller* v. *Taylor*, 6 Heis., 465; *Crofford* v. *Cothron*, 2 Sneed, 492.

In actions of ejectment at law it has been held that a champertous vendee, having sued originally in his own name alone, may afterwards amend his declaration by adding a new count in the name of his vendor, and that, on account of the privity between vendee and vendor, such an amendment will

relate back to the commencement of the suit. *Nance* v. *Thompson*, 1 Sneed, 321; *Augusta Mfg. Co.* v. *Vertrees*, 4 Lea, 75. Both of these cases recognize the rule of nonrelation, however, when a new and substantive cause of action is introduced by the amendment. Where the privity of vendee and vendor is wanting, or a different title is brought into the litigation by the amendment, the additional count will be treated as a new suit, commenced at the date of the amendment. *Corder* v. *Dolin*, 4 Bax., 241; *Augusta Mfg. Co.* v. *Vertrees*, 4 Lea, 84; *Burgie* v. *Parks*, 11 Lea, 89.

A Court of Equity will not entertain the joint suit of champertous vendee and vendor when the fact of champerty is disclosed in the bill (*Lenoir* v. *Mining Co.*, 88 Tenn., 168), hence an amendment like that recognized in *Nance* v. *Thompson*, 1 Sneed, 321, and in *Augusta Mfg. Co.* v. *Vertrees*, 4 Lea, 75, would not have been allowable in this case, and the reason of the rule of relation there announced is in no sense applicable here.

The amendment in this case, being confined to its date because introducing a new cause of action, and having been made more than one year after the dismissal of the suit at law, cannot be connected with that suit by § 3449 of the Code, *supra*, but must stand as an entirely new suit, commenced on the seventh day of May, 1889, to recover the 300 acres of land embraced in entry No. 800.

In this view, the bar of the seven years' statute

of limitations is complete.    Felix Broyles was in the adverse possession of that tract of land, and the statute began to run in his favor as early as 1867. He continued that possession so long as he lived, and, since his death, his heirs have kept it up, thereby making, in all, a continuous adverse possession from 1867 to the seventh day of May, 1889 (the date of the amendment), a period of some twenty-two years.    Possession of the heir may be coupled with that of the ancestor holding under paper title, descent being an "assurance of title," within the meaning of the statute.    *Hubbard* v. *Wood*, 1 Sneed, 280; *Meriwether* v. *Vaulx*, 5 Sneed, 310; *King* v. *Rowan*, 10 Heis., 675; *Corder* v. *Dolin*, 4 Bax., 240; *Baker* v. *Hale*, 6 Bax., 51; *Marr* v. *Gilliam*, 1 Cold., 504.

Entry No. 785, on which the Eastland grant issued, having been prior, in point of time, to entry No. 800, the paper title of the complainants to the land covered by both was superior to that of the defendants in its inception, both entries being special. *Walker* v. *Phillips*, 92 Tenn., 495.    But adverse possession by the defendants and their ancestors, for the full period of seven years, under an "assurance of title purporting to convey an estate in fee," gives the defendants the better right to the land.    Such possession, for such a time and under such a claim, converts the junior right into a "good and indefeasible title in fee."    Code (M. & V.), § 3459; *Thurston* v. *University of North Carolina*, 4 Lea, 513;

*Nelson* v. *Trigg*, *Ib.*, 706; *Hanks* v. *Folsom*, 11 Lea, 561; *Sharp* v. *Van Winkle*, 12 Lea, 19; *Clark* v. *Chase*, 5 Sneed, 636; *Railroad* v. *Mabry*, 85 Tenn., 47.

The other questions raised upon the record are disposed of orally.

Affirm decree of Court of Chancery Appeals.