Macklin v. Dunn.

# MACKLIN v. DUNN *et al.*

## (*Knoxville.* September Term, 1914.)

1. LIMITATIONS OF ACTIONS. New cause of action. Amended pleading.

A complaint or declaration may be amended after the expiration of limitations, and the amendment will relate to the commencement of the action, provided it does not state a new cause of action or bring in new parties, but if a new cause of action is introduced, the statute runs against it to the time of filing. (*Post, pp.* 349, 350.)

Case cited and approved: Love v. Southern Ry. Co., 108 Tenn., 108.

2. LIMITATION OF ACTIONS. Amendment. "New cause of action."

Where an original declaration charged that plaintiff's injuries resulted from his employers' negligence, first, in failing to provide sufficient help, and, second, in failing to provide reasonably safe appliances, an amendment, filed more than two years after the accident, charging that plaintiff's injuries were proximately caused by defendants' negligence in failing to warn plaintiff of an impending danger, did not state a new cause of action. and hence was not barred; the cause of injury not being the cause of action. (*Post, pp.* 350-352.)

Cases cited and approved: Crofford v. Cothran, 34 Tenn., 492; Miller v. Taylor, 53 Tenn., 465; Flatley v. M. & C. R. Co., 56 Tenn., 230; Corder v. Dolin, 63 Tenn., 241; Trousdale v. Thomas, 71 Tenn., 720; Allen v. Link, 73 Tenn., 454; Hagerty v. Hughes, 63 Tenn., 222; Iron & Coal Co. v. Broyles, 95 Tenn., 615.

Cases cited and disapproved: Nance v. Thompson, 33 Tenn., 321; Augusta Mfg. Co. v. Vertrees, 72 Tenn., 75; Railroad v. Foster, 78 Tenn., 351; Burgie v. Parks, 79 Tenn., 84; State, ex rel., v. Keller, 79 Tenn., 399; Railway Co. v. Mahoney, 89 Tenn., 320;

Macklin v. Dunn.

Hooper v. Railroad, 107 Tenn., 712; Love v. Railway Co., 108 Tenn., 104; Bryan v. Zarecor, 112 Tenn., 509; Texas, etc., R. Co. v. Cox, 145 U. S., 593; Chobanian v. Washburn Wire Co., 33 R. I., 289.

3. **ACTION.** "Commencement of action."

Under Shannon's Code, sec. 4521, providing that the cause of action may be briefly stated in general terms in the summons, the summons and not the declaration is the commencement of the action; and hence, where a summons contained a general statement of the cause of action, the fact that plaintiff, more than two years after the accident, filed an amendment to the declaration, which did not state a different cause of action from that stated in the summons, and at the same time dismissed the counts alleged in the original declaration, did not entitle defendants to judgment, on the theory that, after the dismissal of the original declaration, there was nothing to sustain the amendment.    (*Post, pp.* 352, 353.)

Code cited and construed:   Secs. 4518, 4521 (S.).

Case cited and approved:   Love v. Railroad Co., 108 Tenn., 104.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—VON A. HUFFAKER, Judge.

JOHNSON & Cox, for plaintiff.

MAYNARD & LEE, for defendants.

MR. JUSTICE FAW delivered the opinion of the Court.

This is an action for damages for personal injuries to the plaintiff, S. R. Macklin. The original summons was issued November 11, 1912, and executed on the following day, November 12, 1912. On February 6, 1913, the plaintiff filed a declaration, and on July 3, 1913, the defendants filed a plea of not guilty. No further steps were taken in the case until April 25, 1914, when the plaintiff filed a pleading styled in the record, "third count to declaration." This latter pleading is, in form and substance, a complete declaration within itself. To this so-called "third count of the declaration," the defendants interposed a demurrer, raising the question that the amended declaration introduced a new cause of action, entirely different from that alleged in the original declaration, and that, as the cause of action accrued more than one year before the amended declaration was filed, the said "third count," or amended declaration, should be dismissed.

The circuit court sustained the demurrer, in so far as the amended declaration set up, or attempted to set up, a new state of facts as the cause or causes of the alleged injuries to plaintiff, but permitted the amended declaration to stand, in so far as it alleged that plaintiff had sustained certain injuries in addition to those set out in the original declaration. The plaintiff and defendants reserved exceptions to the action of the court upon the demurrer, in so far as it was adverse to each of them, respectively, and thereupon the plaintiff, by leave of the court, withdrew the first and second counts of the declaration, that is to say,

the entire original declaration, thus leaving the case standing upon the amended declaration alone. The record then recites that:

"Thereupon on motion of the defendants, the court, following his action on the demurrer, dismissed said third count. The plaintiff refused to further plead, and excepted to the action of the court and made his motion for a rehearing and reconsideration of said action upon the demurrer, which the court is pleased to overrule."

Both parties perfected appeals to the court of civil appeals, and that court held that the amended declaration did not introduce a new cause of action, and that therefore the circuit court was in error in sustaining the demurrer, and the judgment of the circuit court was reversed, and the cause remanded for further proceedings in the circuit court. A writ of *certiorari* having been heretofore granted by a member of this court, the case is before us on the defendant's assignments of error to the action of the court of civil appeals.

The questions raised by the assignments of error of the petitioners, the defendants below, are stated by their counsel as follows:

"(1) That the amended declaration sets up a distinct cause of action which is barred by the statute of limitations of one year.

"(2) That even if said cause of action is not so distinct as would be subject to the plea of statute of limitations of one year, that plaintiff, having dismissed the original declaration, is cut off from the tree on which

grew the limb on which he originally sat, so that the case should be dismissed *in toto.*

"(3) That the original declaration in the case did not set out such a substantial cause of action as would have entitled the plaintiff to recover, if he had gone to trial on the original declaration, and that the plaintiff admits this by his action in dismissing the original declaration."

Does the amended declaration introduce a new cause of action?

The original declaration averred that the defendants, J. M. Dunn and Oscar Dunn, were partners doing business as building contractors, under the name and style of J. M. Dunn & Son; that on or about the —— day of ——, 1912, and within one year before the institution of this suit, the plaintiff was employed as a common laborer by the defendants, who were engaged in constructing a building or buildings; that the plaintiff, with other employees of the defendants, were lifting and adjusting a certain iron beam or girder, and acting under the immediate orders and control of one ——, the foreman and superintendent, and the only person in charge of the work at the time for the defendants; that plaintiff was placed at one end of said beam or girder to lift same by means of an old, worn-out, or defective rope, while the other employees were placed at the other end of said iron girder or beam, and that by reason of an insufficient number of hands to lift, manage, and control the weight of said girder or beam, the same was dropped in lowering it so sud-

denly as to jerk said defective rope out of the hands of plaintiff and strike him in one of his eyes so violently as to destroy the sight of said eye, and despite all medical skill, which the plaintiff at once sought, he was unable to save his eye, and in order to save the sight of plaintiff's other eye, and perhaps his life, it became necessary that the ball of said eye be taken out, and plaintiff thereby lost the sight of his eye.

The first count of the original declaration averred:

"That the prime and proximate cause of plaintiff's injury and loss of said eye was by the carelessness and negligence of the defendants in not providing sufficient force to handle said iron girder or beam, and for want of which the same was allowed to be lost control of by the other employees of the defendant and dropping so violently to the place where they were standing upon said building as to jerk said rope from the hands and body of the plaintiff, striking him in the face and eye as aforesaid, and causing him permanent injury by the loss of the sight of said eye."

The second count of the original declaration averred:

"That the prime and proximate cause of the plaintiff's injury and loss of the sight of said eye was the carelessness and negligence of the defendants in not providing reasonably safe and sufficient ropes and instruments to handle said iron girder or beam, and for want of which plaintiff was violently struck in the face and injured as aforesaid, and causing him permanent injury, to wit, the loss of the sight of one eye."

The amended declaration set out in great detail the circumstances under which plaintiff was alleged to have been injured.  It is not necessary, for the purposes of this opinion, to state the averments of the amended declaration, further than to say that the negligence charged was, in substance, that plaintiff had been engaged in the same character of work for defendants under the same foreman for some considerable time, at various places, and it was the duty and custom of the foreman so handling said work in the placing of such beams, before permitting same to be lowered or dropped, to notify and warn plaintiff, who was at the end of the rope, so that plaintiff could make preparations and adjust himself, and thereby be protected against the sudden jerking of the rope through his hands and over his shoulder and around his neck and body, when said beam was lowered or dropped, and that plaintiff relied upon such notice and under said custom and notice, plaintiff was able to protect himself, and do said work with safety, but that on the day and date aforesaid, while plaintiff was engaged in the line of his duty as aforesaid, with said rope over his shoulder and clasped in his hands, the said foreman carelessly, negligently, and recklessly lowered, and permitted to be lowered and dropped, the said beam, suddenly and without the usual and customary warning and notice which it was his duty to give to the plaintiff on the floor above, thereby causing said rope to jerk suddenly, with great force and violence out of the hands and from the grasp of plain-

tiff, and causing said rope, and a large knot on the end thereof, to jerk, fly up, and slash around onto the body, head, face, eyes, and ears of plaintiff, thereby wounding, bruising, and injuring plaintiff, etc., and that said injuries of plaintiff were the result of the carelessness and negligence of the defendants, and their said foreman and superintendent, in failing and neglecting to give the usual and customary warning to plaintiff when said beam or girder was to be lowered, so that he might protect himself as he had theretofore done.

It is apparent that the act of negligence charged in the amended declaration is entirely different from those charged in the original declaration. In *Love* v. *Southern Ry. Co.*, 108 Tenn., 108, 109, 65 S. W., 475, 476 (55 L. R. A., 471), this court said:

"The complaint, or declaration, may be amended as in other actions when the amended pleading does not state a new cause of action, and such amendment, although made after the expiration of the period of limitation, will relate back to the commencement of the action. . . . The general principle is that when the amendment does not set up a new cause of action, or bring in new parties, the running of the statute is arrested at the date of the filing of the original pleading. 1 Ency. Pl. & Pr. 621. But when a new cause of action is introduced, the statute runs against it to the time when it is filed. 1 Ency. Pl. & Pr., 622. And these principles have been laid down by our own courts. *Nance* v. *Thompson,* 1 Sneed, 321; *Bur-*

*gie* v. *Parks,* 11 Lea, 84; *Crofford* v. *Cothran,* 2 Sneed, 492.

"The difficulty is not in stating the rule, but in its application to the facts of each case, and in determining what introduces and constitutes a new cause of action, in the sense in which that term is used. It is evident that the term, 'new cause of action,' may refer to a new state of facts out of which liability arises, or it may refer to new parties, who are alleged to be entitled under the same state of facts, or it may embrace both features."

Numerous cases which have been before this court bear evidence to the difficulty which oftentimes accompanies the effort to determine what constitutes a "new cause of action." As illustrations of the varying phases of the question, the following cases, wherein this court held that an amendment introduced a new cause of action, are mentioned: *Crofford* v. *Cothran,* 2 Sneed, 492; *Miller* v. *Taylor,* 6 Heisk., 465, 481; *Flatley* v. *M. & C. R. Co.,* 9 Heisk., 230; *Corder* v. *Dolin,* 4 Baxt., 241; *Trousdale* v. *Thomas,* 3 Lea 720; *Allen* v. *Link,* 5 Lea, 454; *Hagerty* v. *Hughes,* 4 Baxt., 222; *E. Tenn. Iron & Coal Co.* v. *Broyles,* 95 Tenn., 615, 32 S. W., 761. And in the following cases, this court held that an amendment *did not* introduce a new cause of action: *Nance* v. *Thompson,* 1 Sneed, 321; *Augusta Mfg. Co.* v. *Vertrees,* 4 Lea, 75; *Railroad* v. *Foster,* 10 Lea, 351; *Burgie* v. *Parks,* 11 Lea, 84, 89; *State, for Use, etc.,* v. *Keller,* 11 Lea, 399; *Railway Co.* v. *Mahoney,* 89 Tenn., 320, 15 S. W., 652; *Hooper* v.

*Railroad,* 107 Tenn., 712, 65 S. W., 405; *Love* v. *Railway Co.,* 108 Tenn., 104, 65 S. W., 475, 55 L. R. A., 471; *Bryan* v. *Zarecor,* 112 Tenn., 509, 81 S. W., 1252.

As already shown, the amended declaration in the present case brings forward an act of negligence on the part of defendants, as the proximate cause of plaintiff's injuries, altogether different from either of those averred in the original declaration. But the cause of the injury is not the "cause of action," in the sense in which the latter phrase is used in the rule forbidding a "new cause of action" to be set up after the period of the statute of limitations has expired. The averment of an additional act of negligence as the cause of the same injury does not amount to a statement of a new cause of action. *Texas, etc., R. Co.* v. *Cox,* 145 U. S., 593, 12 Sup. Ct., 905, 36 L. Ed., 829.

We are aware that there are a number of cases from other States which hold to a contrary rule from that just stated, but we are of the opinion that the great weight of authority is to the effect that the allowance of an amendment to a declaration, setting forth an additional ground of negligence as the cause of the same injury, does not amount to the statement of a new cause of action. Many cases illustrating the application of this rule are collected in an extended note to the case of *Chobanian* v. *Washburn Wire Co.,* 33 R. I., 289, 80 Atl., 394, in Ann. Case 1913D, 742.

But in the case at bar, the defendants insist that, if it be held that the amended declaration does not introduce a statement of facts so foreign to the aver-

ments of the original declaration as to constitute a new cause of action, nevertheless, when plaintiff voluntarily withdrew the original declaration from the files by leave of the court, there was nothing to amend, and, the amended declaration having been filed after the expiration of the statutory limitation, the circuit court properly dismissed the case and the court of civil appeals erred in holding otherwise.

It is further insisted for defendants that the original declaration did not set out such a substantial cause of action as would have entitled plaintiff to recover if he had gone to trial thereon, and was therefore equivalent to no declaration, and furnished no support for the amended declaration which would save the latter from the bar of the statute of limitations.

In our view of the case it is not necessary to analyze the original declaration in order to determine whether or not it stated facts upon which a judgment could be predicated. No effort was made by defendants in the circuit court to question its sufficiency by demurrer or otherwise.

By section 4521, Shan. Code, it is provided that the cause of action may be briefly stated, in general terms, in the summons. The summons, and not the declaration, was the commencement of the action, Shan. Code, sec. 4518.

In *Love* v. *Railroad Co.,* 108 Tenn., 104, 65 S. W., 475, 55 L. R. A., 471, the summons, which is copied into the opinion, was the same in form and substance as that issued and served in the present case. It was

there contended that an amendment, offered to the declaration after the expiration of one year, set up a new cause of action, and, therefore, came too late. The language of this court (speaking through Mr. Justice WILKES) in that case, is a complete answer to the insistence of defendants here. It is there stated, viz.:

"We are of opinion that the original declaration, which was filed, was a nullity, so long as it failed to aver statutory beneficiaries, and to designate them in any way. The defendant might therefore have forced the plaintiff to proceed to file his declaration, or have demanded judgment for failure to prosecute the suit, if he chose to do so. But it did not, and the plaintiff, before any objection on this ground, offered to file a declaration, which did state a cause of action and parties entitled. We are of opinion the action was commenced by the filing of the original summons, so as to arrest the running of the statute of limitations. The filing of the declaration, then, was based upon it, and related back to it. Hence the amendment should have been allowed, and the defense of the statute of limitations was not good."

The judgment of the court of civil appeals will be affirmed.