R. L. GARDNER v. C. H. QUINN et. al.*

(*Knoxville*. September Term, 1926.)

Opinion filed November 20, 1926.

1. **PLEADING AND PRACTICE.** Amendment. New parties. Statute of Limitations.

The doctrine that the amendment relates to the commencement of the action is a fiction, and cannot be applied so as to injuriously affect the substantive rights of the defendants, or to defeat their defense of the Statute of Limitations. (Post, p. 170.)

Cases cited: Flatly v. Memphis Railway, 9 Heisk., 230; Nashville Railway v. Foster, 10 Lea, 357; Love v. Southern Railway, 108 Tenn., 104.

2. **TENANTS IN COMMON.** Injury to realty. Parties.

Each tenant, in common, has a freehold, separate from his cotenants, yet there is unity of possession and in actions for tort, to such estate, they were required to join at common law, and such is the rule in this State. (Post, p. 171.)

Cases cited: Washburn Real Property, 896; Freeman on Co-tenancy, 352; Thompson on Real Property, 1885; Winters v. McGhee, 3 Sneed, (35 Tenn.), 128; Williams v. Coal Creek Mining Co., 115 Tenn., 578.

3. **SAME.** Same. Same. Non-joinder. Plea in abatement.

If a tenant sues alone, when others should join, advantages can only be taken. by plea in abatement. (Post, p. 172.)

Citing: Winters v. McGhee, 35 Tenn., 128.

---

*Amendment after limitation period has expired as changing cause of action, see 17 R. C. L. 816; 3 R. C. L. Supp. 737. As to necessity of joinder of cotenants in personal ⁻actions in tort or contract, see 7 R. C. L. 909; 2 R. C. L. Supp. 474.

**4. SAME. Same. Same. Same. Same.**

If such plea is not filed, and instead the plea of general issue, on trial, plaintiff can recover to the extent of his injury. (Post, p. 171.)

Cases cited: 7 R. C. L., page 909; Note 15, 38 Cyc., 117-118.

**5. TENANTS IN COMMON. Husband and wife. Injury to land. Married Woman's Act.**

If, in husband and wife an estate in common rests, the husband, since the Married Woman's Act (Acts 1913, ch. 26; Acts 1919, ch. 136), can not recover for injury to the wife's share. Prior to the Married Woman's Act, the husband, as the occupant of the wife's land, could sue alone for damages done to his beneficial interest or to his possession. (Post, p. 172.)

Citing: Married Woman's Act, Acts 1913, ch. 26; Acts 1919, ch. 136; Jones v. Ducktown, 109 Tenn., 375; Hux v. Russell, 138 Tenn., 272.

**6. PLEADING AND PRACTICE. Amendment. New parties. Abandonment.**

A motion allowed and order of the court entered, making a party plaintiff without insertion of name in the pleading, whose right was subject to defense of Statute of Limitations, and upon demurrer the suit, as to such party, dismissed; and there being no additional averment in the declaration, such an amendment would not amount to an abandonment of the original pleading, and authorize the introduction of a plea in abatement waived by a plea to the merits. (Post, p. 172.)

---

*Headnotes 1. Limitation of Actions, 37 C. J., § 501; 2. Husband and Wife, 30 C. J., Sections 435, 704 (Anno.); 3. Abatement and Revival, 1 C. J., Sections 575, 590 (Anno.).

---

FROM HAMILTON.

---

Appeal from Hamilton Law Court of Hamilton County. —Hon. Oscar Yarnell, Judge.

Rankin, Frazier & Roberts, for appellant.

Thomas, Thomas & Darwin, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The plaintiff commenced his action September 27, 1924, to recover damages charging the unlawful obstruction of approach to his premises by a drainage ditch placed there by the defendants in May, 1922. The defendants filed their plea of not guilty April 15, 1925, and the cause came up for trial on the merits, June 20, 1925, when it developed through introduction of plaintiff's title papers that he and his wife were tenants in common. Plaintiff thereupon moved to amend by making his wife, Sephia L. Gardner, party plaintiff, and the amendment was allowed. No new pleading was filed, and no amendment was in fact made, it being recited in the order that the amendment making Mrs. Gardner a party was allowed without more appearing in the record. Mrs. Gardner's name does not appear to have been inserted in the original declaration.

The defendants demurred to the declaration as amended by the inclusion of Mrs. Gardner as a party, upon the ground that her right of action, as shown by the declaration, arose in May, 1922, more than three years before she became a party to the action, and that as to her the cause of action was barred by the Statute of Limitations for three years. The demurrer was sustained and the suit dismissed as to Mrs. Gardner. The defendants were then allowed to plead over as to R. L. Gardner and file their plea in abatement to his action presenting the

proposition that he, as tenant in common with his wife, could not alone maintain the action for injury to the estate.

Plaintiff's demurrer to the plea in abatement was overruled and plaintiff resting upon the demurrer, refused to further plead and the action was abated. Through assignments of error plaintiff presents the questions of whether, (1) the amendment making Mrs. Gardner a party related to the commencement of the action. (2) Whether R. L. Gardner, as the husband and co-tenant in possession, could maintain the action in his own name. (3) Whether the amendment adding the wife as a party without otherwise amending the declaration was abandonment of the original pleading so as to admit the plea in abatement after the plea of not guilty.

The doctrine that the amendment relates to the commencement of the action is a fiction, and cannot be applied so as to injuriously affect the substantive rights of the defendants or to defeat their defense of the Statute of Limitations. *Flatly* v. *Memphis Railway,* 9 Heisk., 230; *Nashville Railway* v. *Foster,* 10 Lea, 357; *Love* v. *Southern Railway,* 108 Tenn., 104.

We think the foregoing authorities are conclusive of the proposition that the amendment making Mrs. Gardner a party did not relate to the commencement of the cause of action by her husband. Before the Married Woman's Act, chapter 26, Acts of 1913; Chapter 136, Acts of 1919, the husband as the occupant of the wife's lands could sue alone for damages done to his beneficial interest interest or his possession. *Jones* v. *Ducktown,* 109 Tenn., 375; *Hux* v. *Russell,* 138 Tenn., 272.

The Married Woman's Act destroyed the legal unity previously existing between the husband and wife and placed them rather in the attitude of strangers in so far as their legal rights are concerned, and if by the terms of their joint deed, an estate in common rests in them, the husband could not recover for injury to the wife's share. Each tenant in common has a freehold separate from his co-tenants and by the common law could not join even in actions of ejectment, but in this State it has been the uniform practice for tenants in common to join in ejectment and declare on the joint demise. *Williams* v. *Coal Creek Mining Co.,* 115 Tenn., 578. While their estates are separate, there is unity of possession, and in actions for tort, as trespass *quare clausum fregit* nuisance and the like, they were required to join at common law. Washburn Real Property, 896; Freeman on Co-tenancy, 352, and Thompson on Real Property, 1885, and such is the rule in this State. *Winters* v. *McGhee,* 3 Sneed, 128.

A plaintiff ought not sue for all of which he could claim only a part, and the defendant ought not be subjected to more than one suit for the same cause of action. On this principle joint tenants and co-parceners, respectively joined, in personal actions to recover damages for injury to their possession, but in such actions, if a tenant sued alone when others should join, advantage of the nonjoinder could only be taken by plea in abatement, because the fact that another was interested jointly would not support the general issue for proof that the right violated was joint, was not proof that the defendant had not injured the plaintiff's property, but showed merely that the injury was not to his sole property. The defendant

could plead the general issue and show under it the interest of those not joined, not to defeat the action, but to take off their moiety of the damages.

In *Winters* v. *McGhee,* supra, the court observed this rule, holding that the non-joinder could be raised only by plea in abatement. The plea in abatement is supposed to invite better pleadings, and to this end the plea must indicate the defects. It was the duty of the defendants to plead in abatement the nonjoinder of the tenants in common, and point out the defect at the commencement of the action. If such plea was not filed and instead the plea of general issue, and the cause went to trial, the plaintiff could recover to the extent of his injury. 7 R. C. L., page 909, Note 15, 38 Cyc., 117-118.

The action against R. L. Gardner was not barred when his suit was filed, nor when the defendants ignored the non-joinder, waived their plea in abatement, and plead to the merits. The amendment making Mrs. Gardner a party was not offered until her right of action was subject to the defense of the Statute of Limitations.

The amendment as to Mrs. Gardner did not introduce new substance. No amendment of the declaration was in fact made. There was merely an order of the court authorizing the insertion of the name of Mrs. Gardner as a party plaintiff in the action originally commenced by her husband, and upon which he could recover, under defendants plea of not guilty.

Bringing in Mrs. Gardner called for no new pleading except the defense of the Statute of Limitations in bar of her claim to a moiety of the damages. Beyond the introduction of her name as a party, no new subject of action was introduced and there was no additional aver-

ment in the declaration. Such an amendment would not amount to an abandonment of the original pleading and authorize the introduction of the plea in abatement waived by a plea to the merits.

The defendants could not ignore the non-joinder, plead to the merits, wait until the plaintiffs right to commence a new action is barred by the Statute, and without a new pleading abandon the defense on the merits, resort to the dilatory plea, and defeat the plaintiff's action.

Affirmed as to Mrs. Gardner, but as to R. L. Gardner reversed and remanded.