H. T. Whitson, Admr., *v.* T. C. Ry. Co.

(*Nashville*, December Term, 1930.)

Opinion filed July 3, 1931.

38

BOCKMAN, HAILE & HAILE, for plaintiff in error.

WALTER STOKES and HOLLADAY & HOLLADAY, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This suit was begun in the Circuit Court of Putnam County by summons which described the action as brought by H. T. Whitson individually for damages for the negligent and wrongful killing of his minor daughter, Mary Frances Whitson. The declaration avers that in the accident which is the basis of the suit, and from the effects of the injury she there received, plaintiff's daughter "died instantly."

The statutes of this State give plaintiff no right to sue individually for damages for the injuries so sustained by his daughter. "Where death occurs by a wrongful act, the rights of the parents are to be redressed un-

der sections 4025-4028 of Shannon's Code." *Railroad* v. *Leazer*, 119 Tenn., 1, 16, 107 S. W., 684; *Holston* v. *Coal & Iron Co.*, 95 Tenn., 521. No declaration could have been so framed as to state a valid cause of action in the plaintiff individually under the summons, as issued and served upon defendant.

The sections of the Code cited above provide for the survival of the right of action which the injured person would have had if death had not ensued, with the right to sue vested in the widow or personal representative of the deceased person, for the benefit of the widow and next of kin, free from the claims of creditors of the deceased, to be distributed as personal property.

H. T. Whitson, as the father of his deceased daughter, is her next of kin, and is sole beneficiary of any action for damages for her wrongful death, brought in the name of her personal representative. Code (Shannon), sec. 4172, subsec. 4.

It follows from the foregoing that by the summons, as originally issued, the plaintiff in his individual capacity instituted suit on a cause of action of which he was sole beneficiary, but which could only be prosecuted for his benefit by and in the name of the personal representative of his deceased daughter.

This right of action is subject to the statute of limitations of one year. Code (Shannon), sec. 4469.

The summons was issued and served upon defendant within one year from the date of the accident and death. After the expiration of the year, plaintiff was appointed and qualified as administrator of the estate of his daughter, and thereafter moved to amend the summons so as to add to his name therein the words: "as administrator of the estate of Mary Frances Whitson, deceased." This amendment was allowed by the court, over the protest of

the defendant, and the latter's motion to quash the summons was overruled. Thereupon defendant filed its plea in abatement to the summons as amended, on the ground that the amendment was made more than one year after the date of the injury as stated in the summons. This plea was stricken, on motion, and thereafter declaration was filed by the plaintiff as administrator.

Defendant then filed its plea to the declaration, reciting the previous proceedings as above outlined, and averring that the administrator was not appointed and qualified until a date more than twelve months after the death of Mary Frances Whitson. The circuit court, treating this as a plea of the statute of limitations, ruled that the amendment to the summons did not relate to the date of the issuance of the writ, and that the suing out of the summons did not stop the running of the statute. The court accordingly sustained the plea and dismissed the suit. The plaintiff has appealed in error.

The question made by the record and appeal is therefore whether this suit, begun by and in the name of the sole statutory beneficiary of the cause of action stated in the summons and declaration, within the time allowed, can be prosecuted in the name of the personal representative of the deceased, by amendment made after the expiration of the period prescribed in the statute of limitations. If this can be done, it is by relating the amendment to the date of the issuance of the writ amended.

█ The rule to be followed in this regard is that which is applied to amendments of pleadings. "The general principle is that when the amendment does not set up a new cause of action, or bring in new parties, the running of the statute is arrested at the date of the filing of the original pleading. . . . It is evident that the term 'new cause of action' may refer to a new state of facts

out of which liability arises, or it may refer to new parties who are alleged to be entitled under the same state of facts, or it may embrace both features." *Love* v. *Southern Ry. Co.,* 108 Tenn., 104, 109, 65 S. W., 475, 55 L. R. A., 471; *Macklin* v. *Dunn,* 130 Tenn., 342, 170 S. W., 588; *Gardner* v. *Quinn,* 154 Tenn., 167, 289 S. W., 513.

It is recognized in the cases cited, and particularly in *Love* v. *Southern Railway Company,* that difficulty lies in properly applying this general rule; that is, in determining whether an amendment does or does not introduce a new cause of action or new party into a pending suit.

This difficulty is acute in the case before us. In *Flatley* v. *Railroad,* 56 Tenn. (9 Heisk.), 230, it was held that an amendment, by which the suit of a widow for damages for the wrongful killing of her husband was subsequently prosecuted in the name of the administrator of the estate of her husband, did introduce a new party plaintiff so as to constitute a new action, begun at the date of the amendment, in respect to the application of the statutes of limitation. This was before the statute, Shannon's Code, section 4027, permitting the suit in the name of the widow. But in *Railroad* v. *Anderson,* 134 Tenn., 666, 185 S. W., 677, L. R. A., 1918C, 1115, Ann. Cas., 1917D, 902, a similar action brought under the Federal Employers' Liability Act, this court ruled the contrary, saying: "So far as the change from the widow as a party plaintiff to the administrator as a party plaintiff is concerned, such a change is not a change of the cause of action." And again, with reference to *Missouri, K. & T. R. Co.* v. *Wulf,* 226 U. S., 570, 33 Sup. Ct., 135, 57 L. Ed., 355, we said: "Certainly this case establishes the proposition that such a change of parties—that is, from

the beneficiary to the representative of the beneficiary—is no change in the cause of action.''

In *Missouri, K. & T. R. Co.* v. *Wulf, supra,* the conclusion of the Supreme Court of the United States with respect to the change of the plaintiff from sole beneficiary to administratrix was stated thus: ''The change was in form rather than in substance (*Stewart* v. *Baltimore & O. R. Co.,* 168 U. S., 445, 428, 42 L. Ed., 537, 18 Sup. Ct. Rep., 105). It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit.''

The cause of action here involved is essentially similar to that arising under the Federal Employers' Liability Act, involved in the case just cited. Each is a revival of the right of action of the person wrongfully killed, for the benefit of his widow or next of kin. Of the right of widow or children of a deceased employe under the Federal Act, Mr. Justice HOLMES says: ''It is established that the present right, although not strictly representative, is derivative and dependent upon the continuance of a right in the injured employe at the time of his death.'' *Flynn* v. *N. Y., etc., R. Co.,* — U. S. — (decided March 23, 1931), 75 L. Ed., 471. The right of widow or next of kin under section 4025 (Shannon) is characterized by this court in similar language:

''It is said the right to recover by the administrator is the same right that the intestate had, if he had lived, but this is not (construing the statutes together) strictly accurate, for the right is not only as administrator, but as father, and the damages are given in view of both aspects of the case and embrace both rights. The right is not strictly a descendible or inheritable right, but one arising out of the special statute, and, as to its scope, is

governed by the statute." *Bamberger* v. *Citizens' Street Railway Co.,* 95 Tenn., 18, 36, 31 S. W., 163, 28 L. R. A., 486, 49 Am. St. Rep., 909.

We are therefore confronted with the necessity of over-ruling the authority of *Flatley* v. *Railroad, supra,* or of administering at the same time contradictory and conflicting rules of procedure in cases of essentially similar character. The obvious inconsistency of the latter alternative not only justifies but requires inquiry into the soundness of the principle underlying the rule previously followed by this court.

██ In a suit brought by an administrator under section 4025 of Shannon's Code, neither the administrator nor the estate of the deceased has any pecuniary interest. A recovery does not enrich the estate, but passes immediately to the statutory beneficiaries of the suit, free from all claims of creditors of the estate. The administrator is referred to as the "nominal plaintiff," and if the existence of a statutory beneficiary at the time the suit is commenced is not disclosed in the progress of the case, the action fails. *Railroad* v. *Bean,* 94 Tenn., 388, 29 S. W., 370.

██ While such beneficiary is not technically a party of the suit, that he is the real party in interest is judicially recognized. Thus, in a suit by the administrator of a deceased child for damages for wrongful death, the contributing negligence of the father, as sole beneficiary of the recovery, will defeat the suit. "Upon principle, we think that, no matter how the suit is brought, whether as administrator or as father, it can be defeated by the father's contributory negligence, when he is sole beneficiary." *Bamberger* v. *Citizens' Street Railway Co., supra.*

■ And a settlement of the cause of action, by payments to the widow, under the workmen's compensation law, will defeat a pending action of the administrator. *McCreary* v. *N., C. & St. L. Ry.,* 161 Tenn., 691, 34 S. W. (2d), 210.

*Studer* v. *Roberts,* 132 Tenn., 599, was an action identical with that here involved, except that the opinion does not disclose whether the amendment substituting administrator for beneficiary as plaintiff was made within one year from the date of the injury. The court held that the summons, issued in the name of the father as beneficiary, was effective to bring the defendant before the court, so that there was jurisdiction to allow the amendment without new process in the name of the substituted plaintiff. The court followed *Person* v. *Fidelity, etc., Co.,* 92 Fed., 965, 35 C. C. A., 117, giving effect to the provisions of Shannon's Code, section 4589, that "No civil suit shall be dismissed for want of necessary parties, or on account of the form of action, . . . but the courts shall have the power to change the form of action, strike out or insert in the writ and pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court," etc.

In *Person* v. *Fidelity, etc., Co., supra,* the action was brought by Lee, wrongfully assuming the office of administrator of the estate for which recovery of insurance was sought. By amendment, there was substituted as plaintiff another who was appointed and qualified as administrator after the suit was begun, as in the case before us. The Circuit Court of Appeals for the Sixth Circuit, TAFT and LURTON, JJ., participating, sustained the authority of the court to permit the amendment. The opinion states: "The defendant was in court to answer to a cause

of action in favor of the estate of Hudson, which could only be prosecuted by the administrator of the estate; and Person having been appointed and qualified as such administrator, in the place and stead of Lee, who failed to qualify, the court substituted him for Lee as plaintiff in the case." Our case of *Flatley* v. *Railroad* was cited as authority for this action.

And in *Flatley* v. *Railroad, supra,* this court expressly sustained the power to amend the writ issued in the name of the widow so as to substitute the administrator, and said: "The defendant being in court for (the) particular cause of action, it is not required that the expense and delay shall be incurred of new process, etc."

It must therefore be conceded that the summons originally issued in this cause was effective to bring the defendant before the court to answer the plaintiff for the wrongful death of his daughter, notwithstanding the suit as it then stood was subject to abatement for want of the necessary nominal party in whom the legal right to sue was alone vested.

The holding of the court in *Flatley* v. *Railroad* that the subsequent amendment could not be related to the time the suit was commenced was grounded upon the statement of the opinion that at the time the amendment was allowed "the defense of the statute of limitations was complete;" and the court ruled: "the fiction of relation back to the original summons should not be allowed to defeat the defense of the statute of limitations, then perfect and complete."

In this statement and ruling, the court, we think, assumed as its premise an essential element of the conclusion which it reached, and "begged the question" in issue. When the suit was begun by the statutory beneficiary and the one-year period subsequently elapsed, the defense

of the statute of limitations was "complete" only if the amendment, substituting the administrator as plaintiff, introduced a new party whose rights constituted a new cause of action. If no new cause of action was injected into the case by the substitution of the administrator the fiction of relation was effective, and the suit arrested the running of the limitation period from the date the summons was issued, so that the defense of the statute was not "complete."

The court did not hold that the substitution of the administrator introduced a new cause of action into the suit. It had already held that the defendant was in court under the original summons "for (the) particular cause of action," so that no new process was necessary in behalf of the administrator. But it was held that "the change of parties was as important as the change in the form of action," and cited *Crofford* v. *Cothran & Niel,* 2 Sneed, 492, as holding that an amendment changing the form of an action from *assumpsit* to debt could not be related back to the date of summons so as to defeat a plea of the statute of limitations.

*Crofford* v. *Cothran and Niel, supra,* arose prior to the adoption of the Code of 1858. At that time the statutes of limitation affected forms and not causes of action. *Hughes* v. *Brown,* 88 Tenn., 578, 586; *Railroad* v. *Foster,* 78 Tenn., 351, 355. Plaintiff's action in *assumpsit* was barred before the date summons was issued; and the statute applicable to actions of debt had run before the amendment changing the form of his action from *assumpsit* to debt. Because of the statutory emphasis then placed on forms of action, in respect to the statutes of limitation, the court was clearly correct in holding that "effect of an amendment *changing the form of the action*

must be restricted to the time when, from the record, it appears to have been granted." It seems obvious, however, that no such holding would be possible after the adoption of the Code of 1858, when the statutes of limitation were so altered as to no longer be concerned with the form of an action, but to thereafter regulate the time within which a cause of action might be prosecuted in whatever applicable form the plaintiff might elect.

This statutory change in the nature and operation of statutes of limitation was apparently overlooked by the court in *Flatley* v. *Railroad,* in the statement that the change in parties from beneficiary to administrator was "as important as the change in the form of action." In respect to the statutes of limitation of the Code of 1858, in effect when *Flatley* v. *Railroad* was decided, a change in the form of an action was no longer so important.

■ The statute of limitations here involved directs that an action for injuries to the person "shall be commenced" within one year after the cause of action accrues. Shannon's Code, sections 4466, 4469. "The suing out of a summons is the commencement of an action." Section 4449. The view taken by the Supreme Court of the United States in *Missouri, K. & T. R. Co.* v. *Wulf, supra,* is that although the legal right to prosecute an action is in another, the issuance of summons by one for whose benefit alone recovery may be had is the commencement of the action, when followed by an amendment substituting as nominal plaintiff the person in whom the legal right to sue is vested. It is an action commenced in time, notwithstanding the defect of the absence of a nominal party which will prevent a successful prosecution of the suit, unless supplied. In this view, the defense of the statute of limitations cannot be said to be complete, during the pendency of an action so begun. The

soundness of the view depends upon whether the substitution of the nominal party, essential to the successful prosecution of the suit, operates to charge the defendant with a new cause of action not included in the writ as originally sued out.

No theory has been suggested to us upon which we could conclude that the substitution of the nominal for the real party in interest is other than a merely formal change, without effect upon the cause of action for which the suit was first commenced. The cases of *Missouri, K. & T. R. Co.* v. *Wulf, supra,* and *Railroad* v. *Anderson, supra,* are authority for such a ruling. Other cases so holding are cited in Ruling Case Law, vol. 17, pp. 822-823 (Limitation of Actions, sec. 186).

*McDonald* v. *Nebraska,* 101 Fed., 171, 41 C. C. A., 278, was a suit begun by the treasurer of the State of Nebraska against the receiver of an insolvent national bank, to recover a deposit of state funds. The trial court sustained a demurrer to the petition on the ground that the treasurer had no legal capacity to sue for the money, and that the suit could only be brought by and in the name of the state. Thereupon the petition was amended so as to substitute the state as the plaintiff, and it was contended that this was improper because the statute of limitations had run against the state's claim before the substitution was made. Holding that the substitution related back to the filing of the original petition, the Circuit Court of Appeals (8th Circuit) cited many cases in which similar rulings were made, and said: ''Whether the judicial demand upon the bank and its receiver to pay to the state the money of the state which the bank had received and retained should be made in the name of the state or in the name of the treasurer of the state

in his official capacity was purely a technical legal question, which in no wise related to the merits of the cause of action. The cause of action was not changed in the slightest degree by substituting the state of Nebraska as plaintiff in place of the treasurer of state. The cause of action declared on was the same in the original and amended petitions. The petition of the treasurer of state sought to recover of the bank and its receiver, for the state, the money of the state which had been deposited in the bank, and which the bank had never returned to the state. When the name of the state was substituted for that of her treasurer, precisely the same cause of action was counted on, and the same relief asked. The amendment merely substituted the name of the state, who was the real party in interest, for that of her fiscal agent.''

We cannot think it material to the issue that the plaintiff was not appointed and qualified as administrator until after he commenced the suit, and until after the expiration of one year from the date of the accident which is the basis of the suit. For a time it was debated whether the right of action could be said to have accrued at all until the date of the appointment and qualification of an administrator vested with power to sue. Certainly if the suit had been begun by an administrator, a successor in office would be permitted to prosecute the suit although appointed after expiration of the year. The principle invoked, that of relating an amendment to the date of an original writ, is itself a legal fiction, resorted to as an aid to substantial justice, and the nonexistence of the necessary nominal party at the date the suit was commenced seems to us an added or stronger reason for holding that the commencement of the suit by the real party in interest halted the running of the statute of

limitations against the cause of action stated in the summons, when the nominal party, possessing the right to sue, is substituted as plaintiff during the pendency of the action. In fact, the existence of a qualified administrator, who might then have begun an action, at the date the action was commenced by the beneficiary, as was the case in *Flatley* v. *Railroad*, might more plausibly be urged as a reason for not relating the amendment substituting him as plaintiff to the date of the original writ.

Such a holding is in accord with the liberal policy of substantial justice revealed in the opinion of this court in *Burns* v. *Peoples Tel. & Tel. Co.*, 161 Tenn., 382, 33 S. W. (2d) 76, holding that the institution of a suit in a court having no jurisdiction of the cause of action may halt the running of the statute of limitations, so as to permit a second suit in the proper court on the same cause of action, under section 4446 of Shannon's Code, and overruling a former opinion holding the contrary. The code section cited authorizes a new action whenever the first, commenced within the time limited, is defeated upon some ground not concluding his right of action. Of the reason for the statute, the court, in the case cited, said: "the bringing of a suit, whether prosecuted to final judgment or not, gives the defendant notice that the plaintiff has a demand which he proposes to assert." This element of notice to the defendant is very definitely present when suit is brought by the real party in interest, the beneficiary of any recovery which may be awarded, by a summons defective only for want of the nominal plaintiff in whom the legal right to sue is vested; a defect later supplied by amendment.

From the authorities cited, we hold the truth of the issue to be that the amendment substituting the personal representative of the deceased as nominal plaintiff in the

stead of the sole beneficiary of the suit, in whose name the action was commenced, did not change or alter the cause of action, and did not bring into the suit a new party with other than formal or nominal interest in the cause of action stated in the summons. No substantive right or complete defense of the defendant will be destroyed by relating such an amendment, and giving it effect, as of the date the summons was issued; nor will any purpose or object of the statute of limitations be violated thereby.

For the reasons stated, we must decline to follow the ruling of *Flatley* v. *Railroad, supra,* but extend to the case at bar the ruling made in *Railroad* v. *Anderson.* The judgment dismissing the suit on defendant's plea is accordingly reversed, and the case remanded for further proceedings.

## DISSENTING OPINION.

MR. JUSTICE COOK delivered the dissenting opinion.

I cannot concur in the conclusion that the fact of the appointment of the administrator August 7, 1928, and the amendment to substitute him as the plaintiff can be related back to May 30, 1928, so as to defeat the statute of limitations which began to run June 1, 1927. By such an amendment the original plaintiff is permitted to shift from the law that denies him the right to maintain the action to the law that confers the right upon the administrator to the exclusion of all others.

In cases of death by wrongful act, the right to maintain the action is given by statute (Shannon's Code, sec. 4025, *et seq.*), which also prescribed the remedy. As said in 8 R. C. L., 671:

"Since the right to recover damages for the death of a human being is purely statutory, the action is maintainable only in the name of the person in whom the right of action is vested by the statutes of the state where the injuries resulting in death are inflicted. Where the statute giving the right specifies who may bring the action, only those persons named may maintain it, and if no such person exists no recovery can be had. The right of the particular person to maintain the action is as essential as the liability of the defendant, and to entitle one to recover damages in such an action he must bring himself clearly within the terms of the statute."

The statute of limitations of one year, Shannon's Code, section 4469, began to run on the date of death (*Fowlkes v. Railroad,* 8 Heisk., 829), and more than a year elapsed before an administrator was appointed. Until then there was no one authorized by law to institute and maintain the cause of action.

A cause of action includes all the facts which, taken together, constitute the suing party's right to maintain the suit. *Mattix* v. *Swepston,* 127 Tenn., 693.

The next of kin could not maintain the action given exclusively to the administrator. *Railroad* v. *Sprayberry,* 8 Baxt., 341. The father, as beneficiary, could not maintain it in his individual capacity, because the statute that preserved the right passed it alone to the administrator. *Railroad* v. *Loague,* 91 Tenn., 458; *Railroad* v. *Leazer,* 119 Tenn., 1; *Railway* v. *Doak,* 115 Tenn., 720; *Davidson Benedict Co.* v. *Severson,* 109 Tenn., 572; *Holston* v. *Coal & Iron Co.,* 95 Tenn., 521; *Hall* v. *Railroad,* 1 Shann. Cas., 141.

When the administrator was appointed and the amendment offered, the action was barred. The legal effect of the amendment was to discontinue the original action

and substitute a new cause of action (*Hegerty* v. *Hughes,* 4 Baxt., 222) against which the statute of limitations had run. *Macklin* v. *Dunn,* 130 Tenn., 342.

The fiction that an amendment dates back to the commencement of the original process cannot properly be applied to defeat a valid defense of the statute of limitations. In support of this proposition I especially refer to *Luster* v. *Mahoney,* 2 Shann. Cas., 514; *Simpson* v. *Markwood,* 1 Shann. Cas., 422; *Trousdale* v. *Thomas,* 3 Lea, 356; *Macklin* v. *Dunn,* 130 Tenn., 342, and *Gardner* v. *Quinn,* 154 Tenn., 167.

*Flatley* v. *Railroad,* 9 Heisk., 230, is directly in point and in accord with previous declarations of the court. The rule there applied has been consistently followed.

In *Trousdale* v. *Thomas,* 3 Lea, 716, the court said the practice in this State has always been to allow amendments at any stage of the cause, when it can be done without prejudice to the rights of the parties, but in that case the court held that an amendment could not operate to defeat the statute of limitations.

For other cases in accord see *Iron Company* v. *Broyles,* 95 Tenn., 612; *Hopper* v. *Railroad,* 107 Tenn., 712; *Miller* v. *Taylor,* 6 Heisk., 466; *Corder* v. *Dolin,* 4 Baxt., 238; *Niehaus* v. *Construction Co.,* 135 Tenn., 382; *Railroad* v. *Foster,* 10 Lea, 351.

In order to avoid the operation of the statute of limitations in cases of this character it would be more consistent with sound principle to overrule cases to the contrary and hold that the cause of action did not accrue and the statute did not commence to run until the administrator was appointed. That would at least minimize the difficulty which the courts encounter in applying the fiction of relation referred to in *Macklin* v. *Dunn,* 130 Tenn., 350.