OPINION
[¶ 1] Defendant-Appellant, Pedro Arce, Jr. ("Appellant"), appeals a judgment of conviction and sentence entered by the Defiance County Common Pleas Court following the denial of his presentence request to withdraw pleas of guilt to trafficking in marijuana and cocaine. In his appeal, Appellant argues that the court applied the postsentence plea withdrawal standard to his presentence motion and abused its discretion in denying the motion. Based on the record before us, we are unable to conclude that the trial court committed an error of law, or that its determinations were unreasonable, arbitrary or unconscionable. Therefore, we affirm the judgment of the trial court.
[¶ 2] Facts and procedural circumstances pertinent to issues raised on appeal are as follows. On January 17, 2001, the Defiance County Grand Jury indicted Appellant on five felony counts, including: engaging in a pattern of corrupt activity, trafficking in marijuana in an amount greater than one hundred grams but less than five hundred grams, trafficking in marijuana in an amount greater than one thousand grams but less than five thousand grams, trafficking in cocaine in an amount greater than one hundred grams but less than five hundred grams, and possession of cocaine in an amount greater than one hundred grams but less than five hundred grams.
[¶ 3] On May 18, 2001, after the dismissal of two attorneys and the exchange of numerous pleadings, Appellant pled guilty to third degree felony trafficking in marijuana and second-degree felony trafficking in cocaine. Pursuant to the negotiated plea agreement, the State would drop the remaining charges but reserved the right to make a sentencing recommendation. The trial court conducted a thorough Crim.R. 11 hearing before accepting the pleas and entering a finding of guilt.
[¶ 4] Sentencing was originally scheduled for September 26, 2001, to permit Appellant's cooperation with a drug task force unit. The hearing was subsequently delayed until October 29, 2001, in part, upon Appellant's representations that evidence relating to a significant shipment of drugs would be forthcoming. At the hearing, after the state made its sentencing recommendation and the defendant was afforded the right of allocution, Appellant discharged his then-present counsel, moved to withdraw his pleas, and requested that the court again appoint new counsel.
[¶ 5] On January 3, 2002, Appellant submitted a written pro se motion to withdraw his plea, proclaiming that he was innocent of the charges, that he did not understand the terms of his plea agreement, and that his former counsel had represented to him that the state would recommend an aggregate six-month term. New defense counsel submitted a similar motion four days later, reiterating that Appellant believed himself to be innocent. The motions were heard on January 15 and 24, 2002. Upon consideration of the record, testimony, and evidence submitted, the court denied the motion, concluding: "that the Defendant was previously advised of the possible penalties for the charges contained in the Indictment herein; that the Defendant was represented by Counsel at all Court proceedings held herein; that the Court made a specific and thorough inquiry regarding the Defendant's entry of his pleas of guilty during the hearing held May 17, 2001; that five (5) months had elapsed between the Defendant's plea hearing and sentencing hearing; that the Defendant could have sought leave to withdraw his pleas during the five (5) months between the plea and sentencing hearings and did not do so; that the Court does not find a good faith basis to withdraw the Defendant's pleas of guilty in this case and the Court therefore finds the Defendant's motion is not warranted; and the Court finds that the Defendant's pleas of guilty were knowingly and voluntarily entered on May 17, 2001." Appellant was subsequently sentenced to two consecutive four-year terms of incarceration.
[¶ 6] From the entry of conviction and sentence Appellant appeals, presenting two assignments of error for our consideration. Because Appellant's first assignment of error relies, in part, upon allegations that his counsel was deficient, we begin our review with the ineffective assistance of counsel claim presented in his second assignment of error.
 Assignment of Error Number II [¶ 7] "Appellant was denied his Sixth Amendment right to effective assistance of counsel as he was not advised properly of his sentencing and post-sentencing remedies available to him."
[¶ 8] An ineffective assistance of counsel claim requires a defendant to prove that counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result.[1] To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, he would not have plead guilty.[2]
 [¶ 9] In support of his ineffective assistance claim, Appellant avers that he was not adequately informed of the ramifications of pleading guilty prior to entering his pleas. Specifically, he asserts that he was misinformed as to when he would be eligible to file for judicial release and that his counsel advised him that he could be released in as little as six months. Therefore, the focus of our inquiry is whether counsel provided incorrect advice, which, in turn, induced Appellant to plead guilty.
¶ 10 Appellant concedes he understood that the State was reserving the right to make a sentencing recommendation, that no specific recommendation had been promised, and that the recommendation would be dependent upon his cooperation with the drug task force unit and his ability to fulfill representations that he could produce substantive evidence against specified drug dealers. Counsel testified that prior to the plea hearing he explained that judicial release eligibility was dependent upon the length of the sentence received and reviewed potential scenarios. Whether or not the effect of consecutive terms upon his eligibility was specifically addressed, Appellant does not allege that the trial court neglected to or misinformed him of the availability of judicial release, and the discussion from which he claims to have been mislead occurred more than five months after entering his pleas.
[¶ 11] During the Crim.R. 11 hearing, the trial judge engaged in a direct dialogue with Appellant to ensure that he understood the implications of the pleas and that they were being entered voluntarily. The court individually and properly advised Appellant of the substance of the pending charges, the minimum and maximum sentences that could be imposed for those charges, the effects of his pleas, the rights waived thereby, the fact that judicial release was entirely discretionary, and his eligibility for judicial release in the event consecutive sentences were imposed. Appellant acknowledged his rights and responded appropriately to each inquiry, stating that he fully understood the implications of his pleas, including the availability of judicial release, that he was not compelled by any duress to enter the pleas, that he was not under the influence of any type of drug, and that he was satisfied with his legal representation. Although Appellant later claimed to be under the influence of psychotropic medication at the Crim.R. 11 hearing, he failed to present any evidence supporting those contentions.
[¶ 12] Based upon the record before us, we cannot find that there exists a reasonable probability that any purported deficiencies in counsel's performance induced Appellant to plead guilty. If Appellant's understanding was in fact that he would be able to file for judicial release within six months, any discrepancies in his counsel's advice should have been apparent at the Crim.R. 11 hearing when the court explained that the cocaine trafficking count was an offense requiring the imposition of a mandatory basic prison term of two to eight years, but that if consecutive terms were imposed he would be eligible for judicial release after serving the mandatory prison term plus an additional six months on the marijuana trafficking count.[3] Furthermore, to the extent Appellant believed he would receive judicial release upon application, he was relying on a factor beyond his control and beyond the prediction of defense counsel.[4] Accordingly, we overrule Appellant's second assignment of error.
 Assignment of Error Number I [¶ 13] "The Trial Court committed prejudicial error and abused its discretion by denying Appellant's motion to withdraw his plea."
[¶ 14] In support of his first assignment of error, Appellant argues that the trial court abused its discretion in denying his motion to withdraw his guilty pleas. He contends that he was misadvised as to sentencing possibilities, did not fully comprehend the ramifications of his pleas, was unknowingly administered psychotropic medication by correction facility medical staff before entering his plea, and had maintained his innocence throughout the proceedings. Appellant further claims that the trial court's entry demonstrates its erroneous application of the post-sentence manifest injustice standard to his pre-sentence motion.
[¶ 15] Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
[¶ 16] "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion."[5] "It is not the role of an appellate court to conduct a de novo review of a trial court's decision in these circumstances."[6] Because the trial court is in a better position to evaluate the motivations behind the guilty plea and subsequent withdrawal motion, the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court.[7] "For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was `unreasonable, arbitrary or unconscionable.'"[8]
 [¶ 17] Crim.R. 32.1 provides no guidance as to when the denial of a pre-sentence motion would be outside the court's discretion. In the absence of more definite standards for determining whether there is a reasonable and legitimate basis for the withdrawal, appellate courts have crafted a more complete, but nonetheless non-exhaustive, list of factors for consideration: "(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge."[9]
 [¶ 18] In an introductory note to its findings, the court stated: "Based upon all of the foregoing evidence and arguments, and upon consideration of State v. Smith, 49 O[hio] S[t].2d 261 (1977), the Court finds the following[.]" Appellant argues that because Smith dealt with a postsentence withdrawal motion and imposed the burden of establishing the existence of manifest injustice, the court's reference to Smith supports that it treated his presentence motion as a postsentence motion.[10] We disagree. Although the ambiguous reference does not delineate the manner in which the court considered or applied the authority contained therein, the withdrawal hearing transcripts reflects that, having recognized that "[t]here have been various cases that have discussed those factors which bear upon whether or not the Court ought to grant leave to withdraw a plea[,]" the court cited Smith for the proposition that Crim.R. 32.1 is addressed to the sound discretion of the court, and that the credibility and weight of the movant's assertions are matters to be resolved by the court.[11] Neither the withdrawal hearing transcripts nor the judgment entry indicate that the court was forcing Appellant to show the existence of "manifest injustice" to be allowed to withdraw his pleas.[12] Rather, both the transcripts and entry reflect that the court applied the foregoing factors and treated the motion with liberality, focusing its inquiry on whether Appellant had demonstrated a "good faith basis to withdraw" his pleas. Therefore, we proceed to review the merits of Appellant's withdrawal request and whether the trial court acted unjustly or unfairly, or that its determinations were unreasonable, arbitrary or unconscionable.
[¶ 19] Appellant was represented by counsel at all proceedings, and the record reflects significant interaction between client and counsel at all stages. Testimony indicates that counsel met with Appellant several times prior to entering his pleas, reviewing the evidence against him, possible penalties, and defenses. As outlined above, the court conducted a thorough Crim.R. 11 hearing before accepting Appellant's pleas. During the hearing, Appellant confirmed that the substance of the facts and allegations underlying the charges were accurate. Furthermore, Appellant failed to raise any issues regarding judicial release for more than five months, waiting until the state submitted its sentencing recommendation after continued opportunity and unproductive efforts with the drug task force. In response thereto, the court conducted a thorough withdraw hearing and rendered extensive findings at the hearing and in its subsequent entry.
[¶ 20] Again, Appellant provided no evidence to corroborate his claims that he was under the influence of psychotropic medication during the Crim.R. 11 hearing. Additionally, Appellant was represented by replacement counsel during the proceedings and was afforded liberal opportunity to state his grounds for withdrawal. The court carefully weighed Appellant's ineffective assistance contentions, exculpatory evidence, and attendant circumstances in light of appropriate factors, and refused to permit Appellant to withdraw his pleas, essentially concluding that neither Appellant nor his exculpatory evidence were credible. Considering the record before us in light of the deference to be accorded trial court credibility determinations, we are unable to conclude that the court acted unjustly or unfairly, or that its determinations were unreasonable, arbitrary or unconscionable. We therefore overrule Appellant's first assignment of error.
[¶ 21] Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Defiance County Common Pleas Court is herby affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.
[1] State v. Xie (1992), 62 Ohio St.3d 521, 524-525 (citations omitted).
[2] Id.
[3] R.C. 2929.20(B)(5).
[4] Cf. Xie, 62 Ohio St.3d at 524-525.
[5] Xie at 526, quoting Barker v. United States (10th Cir. 1978),579 F.2d 1219, 1223.
[6] Id.
[7] Id. at 525; State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of syllabus.
[8] Xie at 525, quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
[9] State v. Griffin (2001), 141 Ohio App.3d 551, 554. See, also, Statev. Fish (1995), 104 Ohio App.3d 236, 240.
[10] Smith, 49 Ohio St.2d 261, paragraph one of syllabus.
[11] Id. at paragraphs two and three of syllabus.
[12] Xie, 62 Ohio St.3d at 526-527.