JOE H. SCHAEFFER, d/b/a J. & S. MOTORS, Plaintiff-in-Error, v. HOLMES L. RICHARD, Defendant-in-Error.—306 S. W. (2d) 340.

Western Section at Jackson. September 28, 1956.

Petition for Certiorari Denied by Supreme Court February 8, 1957.

Schaeffer & Avery, Memphis, for plaintiff in error.

George A. McCormick, Memphis, for defendant in error.

CARNEY, J. Defendant below, Joe H. Schaeffer, d/b/a J. & S. Motors, appeals in error from a judgment of $600 rendered against him in favor of the plaintiff

below, Holmes L. Richard. Richard brought suit to rescind the contract of purchase and sale of a 1949 Oldsmobile on the grounds that he had been unable to obtain a Certificate of Title for the automobile from the State of Tennessee under the provisions of the Tennessee Motor Vehicle Title and Registration Law of 1951, being Chapter 70 of the Public Acts of 1951 and carried into T. C. A. as sec. 59-101 et seq.

The car was purchased on November 14, 1951, at a consideration of $535 cash down payment and a right and title note of $1,421 payabe $78.95 per month for eighteen months. The title note was sold immediately after its execution by J. & S. Motors to Associate Discount Corporation.

At the time of the purchase J. & S. Motors executed a bill of sale to Sergeant Richard describing the automobile as a 1949 Oldsmobile, four-door, Motor No. SA-147949, Serial No. 498M36907 with radio and heater. This bill of sale was defective in that the motor number shown on the bill of sale was incorrect. Immediately thereafter, the purchaser, Holmes Richard, made application through the County Court Clerk of Shelby County for a Certificate of Title under the provisions of the Registration Act of 1951 and continued to drive the automobile under the authority of the duplicate of his application for title as provided by the Title Registration Act of 1951 which became effective for all cars transferred after July 1, 1951.

After about forty-five days, the purchaser, Holmes Richard, was informed by the State of Tennessee that he could not obtain a Certificate of Title to the car because the records in Nashville showed this car to be

registered in the name of some person in Martin, Tennessee. Actually J. & S. Motors was the true owner of the automobile and had a legal right to sell it. J. & S. Motors had bought the automobile from Reeves Motor Co. and received a bill of sale showing the correct motor number for the automobile. The error occurred on the part of J. & S. Motors when the bill of sale to Holmes L. Richard was prepared showing an incorrect motor number.

Richard went immediately to the J. & S. Motors and delivered his correspondence from the State of Tennessee rejecting the application for title to some official of J. & S. Motors who agreed to straighten the matter out.

Richard, who was in the U. S. Marine Corps stationed at Millington, Tennessee, continued to drive the car in the Memphis vicinity until about February, 1952, when he was transferred to Washington, D. C. He notified J. & S. Motors of his Washington address and made arrangements to make his monthly payments on the purchase money note to the Washington office of Associates Discount Corporation and requested J. & S. Motors to mail his title papers when received to the Washington address.

After Richard had been in Washington about three months he received word that he was to be transferred overseas. He began shopping around to sell his automobile and received a good offer which he was unable to accept because he had no Certificate of Title and, therefore, could not sell the automobile.

The purchaser, Sergeant Richard, consulted a lawyer in Washington, D. C., who advised him to discontinue

payments on the automobile since he could not sell it without a good title. The attorney also recommended that the purchaser, Richard, seek to rescind his contract with J. & S. Motors. On August 21, 1952, he wrote a letter to J. & S. Motors stating that he had advised Sergeant Richard to rescind his contract because of his inability to procure a Certificate of Title to the automobile which he had purchased from J. & S. Motors. On August 26, 1952, J. & S. Motors replied to the attorney at Washington as follows:

"Phone 48-8210

J. & S. Motors
Joe H. Schaeffer, Owner
Quality Cars at a Reasonable Price

Airway at Lamar             Poplar & Crosstown
Phone 34-0932               Phone 2-1308

Memphis, Tennessee

August 26, 1952

"Harry L. Cohen
3807 Minnesota Ave. N. E.
Washington, D. C.

"Dear Sir:

"In reply to your letter of 21 August please be advised that Tennessee DID NOT have a title law at the time your client purchased the car from us. I will do everything I can to help Sgt. Richard obtain title to his car, but the reference to our withstanding any loss because of your client's failure to procure a title is without a legal foundation.

I again state that I will be of any help I can.

"Yours truly,

Milton Schaeffer"

Shortly thereafter Sergeant Richard turned the automobile over to Associates Discount in settlement of the balance due and Associates Discount Corporation very promptly procured a Certificate of Title and sold the automobile to some other person. Sergeant Richard then came to Memphis, Tennessee, and instituted the present suit which was tried upon oral testimony without a jury and resulted in a judgment for the plaintiff as above set out.

Assignment of error No. 1 is as follows:

"The judgment of the Court below is absolutely void because of the failure of the Trial Court to render his decision and have judgment entered in the case within sixty (60) days from the completion of the trial."

T. C. A. sec. 20-1322 is as follows:

"20-1322. Time for decision in non-jury cases.— When any judge of any circuit tries a case without the intervention of a jury, whether he is required to reduce his finding of facts to writing or not, he shall be required to render his decision and have judgment entered in the case within sixty (60) days from the completion of the trial. (Acts 1903, ch. 441, sec. 1; Shan., sec. 6087 al; Code 1932, sec. 10347; mod. C. Supp. 1950, sec. 10347.)"

The record shows that the trial was heard on oral testimony by the Trial Judge without a jury on January

31, 1955, and the judgment was not entered until February 9, 1956. No explanation is given as to the reason for the delay in entering judgment for the twelve-month period.

■ T. C. A. sec. 20-1322 quoted above was first enacted in its present form as Section 10347 of the 1950 Supplement to the Code of Tennessee. Doubtless, if the Legislature had intended for the judgment to be void when rendered by a Trial Judge more than sixty days after the hearing of the cause without a jury it would have said so in specific words. Since it did not indicate an intention that such judgment should be void, we hold that such provision is directory only and not mandatory. Hence, the judgment in the instant case is valid and the assignment of error is respectfully overruled.

■■ Assignment of error No. 2 insists that the Trial Court erred in holding that the conditional vendee notified the seller of his intention to rescind within a reasonable time. J. & S. Motors denied that it was notified by Sergeant Richard before he left Memphis that he could not get a title and denied that it had agreed to help him get a title. However, the Trial Judge found these issues in favor of the plaintiff and we think the letter of J. & S. Motors to Mr. Cohen on August 26, 1952, quoted above supported the finding of the Trial Judge that J. & S. Motors did have notice that Richard's title was defective and that he could not get a Certificate of Title. Accepting as true Sergeant Richard's statement that J. & S. Motors was informed of the defective title within forty-five days after the sale and before he left Memphis and that J. & S. Motors agreed to straighten the matter out, then we think Sergeant Richard was

justified in going ahead and driving the car and relying upon the promise of J. & S. Motors to get the matter straightened out.

After Sergeant Richard had been in Washington for several months and found that he could not sell his car without a Certificate of Title he did the only thing he could do to protect his interests. He notified J. & S. Motors of his desire either to get a title or to rescind the contract. J. & S. Motors showed that it had very little interest in the matter because in its letter of August 26, 1952, it even denied that it was obligated to furnish a title under the 1951 title registration law.

Certainly the J. & S. Motors was chargeable with knowledge of the effective date of the 1951 registration law which created such a change in title registration of motor vehicles and affected automobile dealers more vitally than any other group of people. We think the letter of August 26, 1952, quoted above constituted a rejection of the offer to rescind and, in substance, a refusal to furnish a title. Therefore, it is our opinion that the offer to rescind was made within a reasonable time and rejected by the seller and, hence, assignment of error No. 2 is respectfully overruled.

Assignment of error No. 3 insists that the Trial Judge erred in holding that the conditional vendee returned or offered to return the property. As set out above, we think the letter of August 26, 1952, in effect, refused a return of the property and this assignment of error must be respectfully overruled.

Assignment of error No. 4 insists that the property when returned or offered to be returned was not in

substantially as good condition as it was at the time the property was transferred to the buyer. In this case the buyer continued to use the property with the knowledge and acquiescence of the seller and, in fact, the seller encouraged him to continue to use the property by his agreement to straighten the title out. The Trial Judge, in his judgment, allowed for the use and depreciation in value of the automobile by awarding judgment for only $600 instead of the $979.25 total paid by the purchaser on the purchase price. Therefore, assignment of error No. 4 is respectfully overruled. We think Nu-Way Ice Cream Machinery Co. v. Pig'N Whistle, 16 Tenn. App. 581, 65 S. W. (2d) 575, relied upon by J. & S. Motors is not controlling under the circumstances of this case.

■ Assignment of error No. 5 insists that the purchaser should have returned or offered to return the property to the place of delivery. We see no reason why the purchaser was required to bring the automobile to Memphis and physically tender it to J. & S. Motors when J. & S. Motors had indicated by its letter that it would not accept the property and, in addition, the property was subject to a right and title note held by Associates Discount Corporation with offices in Washington, D. C., ready to accept the automobile for sale in satisfaction of the balance due on the purchase money note. Hence, we hold that assignment of error No. 5 is not well-taken and is respectfully overruled.

■ Assignment of error No. 6 insists that Sergeant Richard can collect only one-half of the judgment because the automobile was owned jointly by him and his wife who did not join in the suit and the cases of Winters v. McGhee, 1855, 35 Tenn. 128, and Gardner v. Quinn,

1926, 154 Tenn. 167, 289 S. W. 513, are relied upon in support of this contention. However, we notice that the bill of sale issued by J. & S. Motors recited as follows: "Sold to Holmes L. Richard" and was signed by both Mr. and Mrs. Richard. The plaintiff testified that he paid the entire purchase price on the car and is the real party in interest. The defendant at no time before the judgment filed any plea in abatement or introduced any evidence under his plea of the general issue to show that the plaintiff did not pay all of the money toward the purchase price of said automobile. Hence, we hold that the assignment of error is not well-taken and that the plaintiff would be entitled to recover the entire judgment of $600.

In conclusion, we observe that we have read the cases cited and relied upon by plaintiff-in-error but we do not feel that they are controlling of the case at bar. On the contrary we think the case is controlled in principle by the recent case of White v. Mid-City Motor Co., 1955, 39 Tenn. App. 429, 284 S. W. (2d) 689.

When the seller, J. & S. Motors, sold the automobile in question to the purchaser, Holmes L. Richard, and failed to deliver to him along with said automobile a properly executed bill of sale as required by the 1951 motor vehicle registration law so as to entitle the purchaser of said automobile to obtain a Certificate of Title under the authority of said law and thus complete the right of the purchaser to the full use and title of his automobile, the seller, J. & S. Motors, was guilty of a breach of implied warranty as set out in subsections (2) and (3) of T. C. A. sec. 47-1213. We also are of opinion that under the provision of T. C. A. sec. 47-1269 the

purchaser had the option on such a breach of warranty to rescind the contract and recover the purchase price which had been paid by him.

Hence, we hold that all of the assignments of error must be respectfully overruled and the appeal-in-error is dismissed. A judgment will be entered in this court in favor of the plaintiff, Holmes L. Richard, against the defendant, Joe H. Schaeffer, d/b/a J. & S. Motors, for $600 together with the costs which have accrued in the lower court. The cost of this appeal is taxed against the plaintiff-in-error, Joe H. Schaeffer, and the surety on his appeal bond.

Avery, P. J. (Western Section), and Bejach, J., concur.