Leslie W. BUCKLEW, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2004–SC–0394–KB.

Supreme Court of Kentucky.

June 17, 2004.

## OPINION AND ORDER

Movant, Leslie W. Bucklew of Bowling Green, Kentucky, has admitted to three separate violations of provisions of the Kentucky Rules of Professional Conduct regarding his competence, diligence and communication with a client, and now moves this Court to issue a public reprimand against him. The Kentucky Bar Association has no objection. Accordingly, we grant the motion and issue the reprimand.

## FACTS

On August 10, 1995, Rita and Ronnie Miller filed a lawsuit in the Warren Circuit Court against Mr. and Mrs. Martin, owners of the property adjacent to theirs, and against Mr. O'Neil, the individual residing on that property who was purchasing it through a land contract. The lawsuit involved a dispute over the Millers' use of an easement that crossed the Martins' property. This easement was the Millers' only means of ingress and egress to their home. The defendants had blocked the road and the Millers filed the lawsuit in response.

Shortly before their previous attorney died, the Millers hired Bucklew in March 1999 to represent them in continuing the lawsuit. Bucklew was acquainted with the Millers from high school and a previous work experience outside the practice of law. Although Bucklew did not charge the Millers a fee, he proceeded with the representation, and there was intermittent activity in the court case between March 1999 and October 31, 2000.

On October 31, 2000, the trial court ruled that there existed a twelve-foot easement over the Martins' property, in favor of the Millers, but that the Millers' driveway could be relocated from the middle of the property, where it currently lay, to the property line. The trial court opined that the cost to move the driveway should be borne equally by the defendants, and the Millers would thereafter be responsible for maintaining the driveway. One of the defense attorneys stated he would draft an order for the judge's signature. No court order or settlement agreement was ever filed in the court record, and, in fact, the court file reflects no further activity until August 29, 2001. Further, the Millers' driveway was never relocated.

Sometime in the summer of 2001, the Millers purchased a piece of property adja-

cent to their property. On August 29, 2001, Defendant O'Neil filed a motion to dismiss the Millers' lawsuit on the grounds that the Millers had purchased a tract of land connecting their property to the road, thereby negating their claim that their property was landlocked and they had no other means of ingress or egress.

The certificate of service on the O'Neil motion reflects that defense counsel mailed it to Bucklew and the attorney for the Martins. The motion was noticed to be heard on September 17, 2001. On that date, only the defense attorney for Mr. O'Neil appeared in court. The trial court ruled that it wanted to verify all parties had notice of the motion and entered an order rescheduling the hearing for October 1, 2001. The clerk's certificate indicates that a copy of that order was sent to Bucklew.

At some point between September 17, 2001 and October 1, 2001, Bucklew appeared before the trial court during motion hour on another, unrelated matter. The trial court mentioned the Miller case to Bucklew off the record, and Bucklew responded that he could not oppose the motion to dismiss because it was factually and legally correct. Bucklew recalls orally informing the trial court he could not appear on October 1, 2001, for the scheduled hearing; however, he recognizes that he should have filed something in the record regarding his position on the motion to dismiss, as well as his inability to appear on October 1, 2001.

The motion to dismiss was heard on October 1, 2001. Both defense attorneys were present but neither Bucklew nor the Millers attended. The attorneys' discussion on the record indicated that a resolution had previously been reached but no order was ever entered. The trial court noted that neither the Millers nor any counsel for them were present despite having received notice of the hearing. Thus, the trial court ruled that since no one was present to object to the motion, he would sign an order dismissing the case.

During the period of September 2001 to October 2001, Bucklew was in the process of closing his private law office. Bucklew believes he sent the Millers a letter regarding the motion to dismiss, but has not been able to find a copy of that letter. The Millers learned of the dismissal when the Martins and Mr. O'Neil blocked the drive again.

## CHARGES

In Count I, Bucklew is charged with violating SCR 3.130–1.1, which provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." The Inquiry Commission charged that Bucklew violated this rule by failing to follow up on the agreement reached at the October 31, 2000, hearing and to ensure that an order resolving the case was drafted and entered by the court.

In Count II, Bucklew is charged with violating SCR 3.130–1.3, which provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." The Inquiry Commission charged that Bucklew violated this rule by failing to diligently represent the Millers when he took no steps to obtain the entry of an order reflecting the resolution of the case, did nothing to ensure the defendants acted in accordance with the resolution, and failed to appear at the hearing on the motion to dismiss.

Finally, in Count III, Bucklew is charged with violating SCR 3.130–1.4(a), which provides: "A lawyer should keep a client reasonably informed about the sta-

tus of a matter and promptly comply with reasonable requests for information." The Inquiry Commission charged that Bucklew violated this rule by failing to notify the Millers of either O'Neil's motion to dismiss or the trial court order granting said motion.

Bucklew admits that his conduct violated each of these rules.

Upon the foregoing facts and charges, it is therefore ordered that:

1. Leslie W. Bucklew, be and hereby is publicly reprimanded for his violations of SCR 3.130–1.1; SCR 3.130–1.3; and SCR 3.130–1.4(a); and

2. Bucklew, in accordance with SCR 3.450, is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $24.53 and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: June 17, 2004.

/s/ Joseph E. Lambert
Chief Justice