Joann **THOMAS**, Appellant

v.

Bill Raymond **THOMAS**, Appellee.

No. 2006–SC–000526–DG.

Supreme Court of Kentucky.

March 20, 2008.

Dennis Jack Lortie, Murray, KY, Counsel for Appellant.

Stephen Deemis Vidmer, Murray, KY, Counsel for Appellee.

Opinion of the Court by Justice NOBLE.

Appellant raises two claims of error: (1) that the Court of Appeals erred in affirming the trial court's decision not to grant a hearing on evidence arising subsequent to the Domestic Relations Commissioner's oral ruling; and (2) that the Court of Appeals improperly applied the facts and holdings of *Dubick v. Dubick*, 653 S.W.2d 652 (Ky.App.1983).

## I. Background

This matter involves a divorce action between Joann and Bill Thomas that was initiated in the Calloway Circuit Court in 1999. The Domestic Relations Commissioner (DRC) took the matter under consideration for final hearing on April 27, 2000. At the hearing's close, the DRC issued his ruling from the bench and directed Appellant's attorney to draft an Order. That Order was never drafted by Appellant's attorney and neither party brought this fact to the court's attention.

No action was taken to finalize the divorce until the new attorney for Appellant entered an appearance more than four years later. At that time, Appellant requested a new hearing with respect to all issues due to the four year delay and the ensuing change in financial circumstances during that time. The DRC entered his original recommendation on June 10, 2004, specifically recommending that no further hearings be held. The Calloway Circuit Court affirmed the DRC's recommendations by Order entered September 1, 2004. After hearing Exceptions filed by Appellant, the court rendered a decision on June 30, 2006 stating that either party could have requested written findings at an earlier date, but failed to do so.

## II. Analysis

The ultimate issue is what effect KRS 454.350 has on the validity of the filing of the DRC's recommendations more than ninety days subsequent to the conclusion of the evidentiary hearing.

That statute, in its entirety is as follows:

454.350. Time within which judge, commissioner or hearing officer must issue judgment or report certification of reason when delay occurs.

(1) Every circuit and district judge shall, when at all possible, issue a written judgment or order in all civil actions which have been submitted for final adjudication within ninety days from the date the action was taken under submission.

(2) Where a report, findings, or recommendations of a commissioner or hearing officer are required by statute or rule as a prerequisite to an order or judgment by the circuit or district court the same shall be filed within ninety (90) days of the conclusion of the trial or hearing at which the commissioner or hearing officer presided.

(3) Every circuit and district judge shall at the end of every month certify in writing to the Chief Justice of the Supreme Court all cases which have been submitted for final adjudication for longer than ninety (90) days and have not been adjudicated and certify in writing to the Chief Justice of the Supreme Court the reason for the delay.

(4) Any district or circuit judge who knowingly violates any of the provisions of this section shall be subject to removal by the judicial retirement and removal commission.

This statute mandates a specific duty that is relevant here: A commissioner *shall* submit findings and recommendations necessary for an order or judgment within ninety days of the hearing. Here, the DRC delivered his ruling orally, but did not follow through to see that it was reduced to writing, the form in which it had to be in order to send it to the circuit court for final adjudication. Appellant argues that the mandatory language of the statute thus voids the oral ruling, and another hearing must be held, which will coincidentally allow introduction of new evidence. However, at least as to valuation, there would be no change because the DRC was constrained to value the property as of the date of the divorce, which

presumably he did. The benefit to Appellant would be the ability to introduce new equitable issues as to the circumstances of the parties, which could result in a different division of the marital property.

However, in *Dubick* this Court stated that even if there is a violation of KRS 454.350, any resulting late judgment or report "is not void because of tardiness." 653 S.W.2d at 655. The scenario in that case had a similar pattern to this except that the DRC there was considering a question of child support and maintenance modification, and the delay was a shorter period of 263 days. In *Dubick* as here, the Appellant argued that the DRC's findings were void. Still, Appellant claims that the Court of Appeals incorrectly applied *Dubick* to the current case. This Court disagrees. The primary difference between this case and *Dubick* is the amount of time that lapsed between the decision and the entry of the order.

Clearly, the four years that passed in this case is a substantially longer period of time. However, in *Dubick*, the Court of Appeals adopted the rationale of a Tennessee case which stated that " 'if the Legislature had intended for the judgment to be void when rendered by a Trial Judge more than sixty days after the hearing of the cause without a Jury it would have said so in specific words.' " 653 S.W.2d at 654 (quoting *Schaeffer v. Richard*, 43 Tenn. App. 205, 306 S.W.2d 340, 343 (1956)). Likewise, if the Kentucky legislature had intended that result, it would be contained in the statute, especially given that they took the time to craft a consequence for non-compliance in KRS 454.350(4). That section clearly provides a possible remedy against a judge who fails to enter a final adjudication in a timely manner, absent written reasons for the delay. This Court is sympathetic to the issues this delay has presented, and acknowledges that a change in debt and assets likely occurred. However, it is clear that Appellant has suffered no actual damage as she will receive whatever assets under the DRC's findings she would have received four years ago, and she knew what those assets and debts would be due the oral findings given at the original hearing in 2000. Ruling otherwise here could encourage parties to purposely delay submitting orders, hoping they could force another hearing (and possibly a better result) at a later time.

Regardless, it is clear that all parties bear some responsibility for the delay in this case. The fact that the DRC failed to enter his findings for four years is certainly poor practice, and it is clearly the DRC who has the statutory responsibility to get the recommendations to the judge. Furthermore, though this Court recognizes that DRC's and trial judges are frequently burdened with caseloads so heavy that keeping track of every single one seems daunting, and that reliance on attorneys to draft proposed orders and take responsibility to see that their cases are moving through the system is necessary to decrease this burden, the ultimate responsibility for a case assigned to any particular DRC or judge resides with that judge. However, the judge does not get to this point until cases have been submitted for final adjudication; after the hearing, the DRC is responsible for seeing that the recommendation is submitted to the judge.

Although not mentioned by the parties, this Court is also concerned that this case went unresolved for this length of time apparently in violation of CR 77.02(2), which provides that "at least once each year trial courts shall review all pending actions on their dockets. Notice shall be given to each attorney of record of every case in which no pretrial step has been taken within the last year, that the case will be dismissed in thirty days for want of

prosecution except for good cause shown ...." This duty is usually delegated in part to the Circuit Clerk to notify the trial court as to which cases should be placed on a show cause docket. Clearly, no show cause order was ever issued, which could have alerted the parties that the order of the DRC's findings had never been submitted.

The attorneys and parties are accountable as well. This Court has found that an attorney who is instructed by the trial court to draft and submit an order, and who fails to do so, may be charged with violating SCR 3.130–1.3, which provides that "A lawyer shall act with reasonable diligence and promptness in representing a client." *Bucklew v. Kentucky Bar Ass'n*, 136 S.W.3d 427, 428 (Ky.2004). Additionally, communication between Appellant and her attorney and/or with the opposing party would have likely revealed that the order had never been entered, or reminded her attorney that it had not been drafted.

Appellant also had another remedy for the delay that she did not use. As the Court stated in *Dubick*, "If a party is faced with a recalcitrant commissioner he can seek a mandate of his superior, the trial court, or else ask that the order of reference be set aside." 653 S.W.2d at 655. Obviously, any such relief would be in the sound discretion of the trial court and would need to be timely made.

There are many actions that could have been taken by various parties involved that would have prevented the scenario this Court is now faced with. However, the relief Appellant is asking for—to have the findings of the DRC set aside and a new hearing held—is simply unavailable to her under KRS 454.350 and this Court's holding in *Dubick*.

### III. Conclusion

For the reasons set forth herein, the Opinion of the Kentucky Court of Appeals and the judgment of the trial court are affirmed.

ABRAMSON, CUNNINGHAM, SCHRODER and SCOTT, JJ., concur.
LAMBERT, C.J., concurs in result only.

MINTON, J., not sitting.